Railroad *v.* McDonough.

RAILROAD *v.* McDONOUGH.

(*Knoxville.*    September 22, 1896.)

1. RAILROADS.   *Burden of proof as to observance of statutory precautions.*

The burden is upon the plaintiff, in a suit against a railroad company, to prove that a public crossing has been designated by danger signals as one, on approaching which, the statute requires the bell or whistle of the locomotive to be sounded. But when plaintiff has proved this fact, the statute requires the railroad company to show that the bell and whistle were sounded, as prescribed, on approaching such crossing. (*Post, pp. 256–258.*)

Code construed: § 1574 (S.); § 1298 (M. & V.); § 1166 (T. & S.).

2. SUPREME COURT.   *Affirmance notwithstanding error.*

A judgment at law rendered by the trial Judge, without a jury trial, based upon two distinct grounds, each sufficient in itself to support the judgment, will be affirmed, although one of the grounds may be erroneous. (*Post, p. 258.*)

---

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County. HON. JOHN A. MOON, J.

SHEPHERD & FRIERSON for Railroad.

J. H. CANTRELL for McDonough.

McALISTER, J.   Plaintiff below, I. E. McDonough,
recovered a judgment in the Circuit Court of Hamil-
ton County for the sum of thirty dollars, the value
of a cow alleged to have been killed through the
negligence of the railroad company.   Railroad ap-
pealed, and has assigned errors.   The record shows
that the cow was killed at Lookout Crossing, on the
main turnpike valley road, leading from Chattanooga
down the Lookout valley.   The turnpike at the cross-
ing was sixty feet wide and much traveled, it being
the main county road through which the people and
stock coming out of the valley had to pass.   The first
ground of liability alleged against the company is
that it committed a breach of the statute which pro-
vides that, ''on approaching every crossing so dis-
tinguished [by danger signal] the whistle or bell of
the locomotive shall be sounded at the distance of
one-fourth of a mile from the crossing, and at short
intervals until the train has passed the crossing.''
M. & V. Code, § 1298, Subsec. 2.   The insistence
is that the bell was not rung or the whistle sounded
on approaching the crossing of this public road where
the cow was killed.   The railroad company, on the
other hand, insists that it was not required to ring
its bell or sound the whistle on approaching this
crossing, for the reason that said crossing is not
shown to have been distinguished by the danger sig-
nal required by the statute.   There was no proof on
this subject by either side, and the question raised
is in respect of the burden of proof.

It is insisted on behalf of plaintiff, that the fact being shown that this was an important and much traveled public road, the law would presume that the road overseer, upon whom the duty is devolved by statute, had discharged his duty. We are unable to concur in this contention. The statute provides that the overseer of every public road crossed by a railroad, shall place at such crossing a signal, marked " Lookout for the cars when you hear the whistle or bell," and the County Court shall appropriate the money to defray the expenses of said signs; and no engine driver shall be compelled to blow the whistle or ring the bell at any crossing unless it is so designated. M. & V. Code, § 1298, Subsec. 1. It will be observed that the duty of the company to ring its bell or sound its whistle at public crossings is not absolute, but is contingent upon the performance of a separate and distinct duty by an independent public agent. The company is in no default until it is made to appear that the crossing has been designated in the manner required by the statute. It is supposed that the duty of making this proof is imposed upon the company by § 1300, M. & V., which provides, viz.: " No railroad company that observes these precautions shall be responsible for any damages done to persons or property on its road. The proof that it has observed such precautions shall be on the company." It is quite clear to our minds that this section has application alone to such specific precautions as are laid down in the statute, and which

73 Miss.—17

the company is required to observe as a condition of nonliability. It cannot, by any fair construction, relate to such remote duties as are contingent upon the performance of public duties by other officials. Moreover, such a requirement would impose upon the company the duty of proving a negative.

We think it was a part of the plaintiff's case to show affirmatively that the danger signal required by law had been posted at this public crossing.

The second ground of liability is that, when the cow appeared upon the track, the company failed to observe the positive requirements of the statute, in sounding the alarm whistle, putting down the brakes, and using every possible means to stop the train and prevent an accident. M. & V., § 1298, Subsec. 3. The theory of the company was, that the cow appeared upon the track so suddenly and in such close proximity to the engine, that it was impossible to observe the requirements of the statute. One witness testified that, when he saw the cow, she was on the track fifty feet away from the engine, and that the engineer could have seen her sooner than the witness. The Circuit Judge, who heard the case without the aid of a jury, found for the plaintiff, probably upon the theory that the engineer could have seen the cow in time to observe the precautions of the statute. There is sufficient evidence in the record to have warranted the Circuit Judge in making this deduction, and we affirm the judgment.