STATE OF TENNESSEE, COMPLAINANT, APPELLANT, *v.* ARTHUR BLAIR, *et al.*, DEFENDANTS, APPELLEES.

*(Knoxville,* September Term, 1932.)

· Opinion filed February 14, 1933.

BROWN & JOHNSON and HUGH E. DeLOZIER, for complainant, appellant.

KRAMER & KRAMER, for defendants, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This suit was instituted by the State to collect a property tax assessed and levied upon a tract of land for the year 1929. During that year title to the land was held by Joseph A. Leake, *non compos mentis*, either in his own name or in the name of his guardian for him.

By intervening petition, J. T. Trotter, duly appointed and qualified guardian of the said Joseph A. Leake, claimed an exemption of said land from taxation, on the ground that it was purchased, under an order of the Chancery Court of Blount County, for the said ward, with money paid to the guardian by the United States under the World War Veterans' Act of Congress.

The material facts bearing upon this claim of exemption were stipulated by counsel. The stipulation recites that Joseph A. Leake was rendered mentally incompetent as a result of his service in the World War, and has had a guardian from May, 1922, to the present time. Since May, 1922, the guardian has received from the Veterans' Bureau of the United States Government for his ward

the sum of $100 per month as compensation, and an additional sum of $57.50 per month as disability benefits under a policy of War Risk Insurance. The ward has no other property than the proceeds of these payments and the land in question. All of the purchase price of the land was paid with money received as above set out, except $1500, the proceeds of fire insurance on a building located on the property, premiums for which insurance were paid by the guardian with money received from the United States. The record does not recite whether the title to the land was taken in the name of Trotter, as guardian, or directly in the name of the ward, but it is conceded that the ward is alone interested beneficially in the land.

The chancellor decreed that the land was not subject to the property tax levied by the state and county, and the state has appealed.

 The exemption is claimed by the guardian for his ward under the provisions of the United States Code, Title 38, section 454, which provides:

"The compensation, insurance and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts, II, III, or IV; and shall be exempt from all taxation."

It is contended that the intervention of the guardianship has had the result that the payments of compensation and insurance by the United States have not yet reached the ward, but are still in the hands of the guardian as an agency of the United States Government.

This question has received consideration by this court and was determined adversely to the contentions of the

guardian in the case of *State* v. *Bank of Bristol,* opinion filed on January 7, 1933, 165 Tenn., 354.

In that case Chief Justice GREEN, for the Court said:

"Conceding that the guardian is in a sense a government agent. He is also the agent of the beneficiary of the fund. His duties to the government consist in applying the fund for the benefit of the minor and in reporting to the government from time to time as to such application. The government does not undertake to regulate the manner of the application of such fund to the beneficiary's use. So far as· the Federal statutes are concerned, the guardian may spend the money directly for the beneficiary's comfort, invest the money to provide an income for the beneficiary, or deposit the money in bank to meet the future needs of the beneficiary. In making the deposit in bank, therefore, this guardian was acting as agent of the incompetent beneficiary and not as agent of the government.

"It seems a mistake to us to say that the government retained any title to or interest in this fund after it was paid to the guardian. The government retained control of the administration of the fund, to a limited extent, and made a provision with reference to escheat. Such provisions are sustained because the guardian was not bound to accept the fund, and if he did accept, he took on the terms prescribed by the Act of Congress. *United States* v. *Hall,* 98 U. S., 343, 25 L. Ed., 180. The State likewise regulates the administration of trust funds but it has never been contended that such regulations could be regarded as a declaration of interest on the part of the State in these funds. It is settled in this jurisdiction and elsewhere that in the relation of guardian and ward, the title to the property is in the ward and that

the possession of the guardian is the possession of the ward and will inure to the ward's benefit under statutes of limitation. *Williams* v. *Walton,* 16 Tenn. (8 Yerg.), 387; *Davis* v. *Mitchell,* 13 Tenn. (5 Yerg.), 281. Such is the rule elsewhere. 28 C. J., 1128, 12 R. C. L., 1123.''

A similar conclusion was reached by the Supreme Court of Kansas in *State ex rel. Smith (Boynton)* v. *Board of Commissioners of Shawnee County,* 132 Kan., 233, 294 Pac., 915; *certiorari* denied by the Supreme Court of the United States, 283 U. S., 855, 75 L. Ed., 1462.

The Supreme Court of Kansas, in the case cited, further held that shares of stock in a private industrial corporation, purchased by a guardian for his ward with money paid by the United States as compensation and insurance, as in the case now before us, were not exempt from taxation by the state under the Act of Congress cited. Since the Supreme Court of the United States declined to review the decision of the Supreme Court of Kansas, we regard the decision as an authoritative construction of the exemption clause of the Act of Congress. The case was cited with approval, and followed, in *Martin* v. *Guilford County,* —N. C., —, 158 S. E., 847, 76 A. L. R., 978, and in *State* v. *Wright,* — Ala.,—, 140 So., 584.

The earlier authorities cited on the brief of the appellee are referred to and distinguished in the opinion of the Supreme Court of Kansas above cited. *Rucker* v. *Merck,* 172 Ga., 793, 159 S. E., 501, and *Atlanta* v. *Stokes,* — Ga., —, 165 S. E., 270, sustaining the exemption, are in line with earlier rulings made by the Supreme Court of Georgia, but we think the construction given to the Act of Congress by the courts of Kansas and Ala-

bama is the better reasoned and that it is the correct construction. It is in accord with the legislative policy of this State, which exempts from taxation and execution pensions paid by the State only so long as the money received by the pensioner is in his hands or on deposit in bank. Code of 1932, section 7715.

The decree of the chancery court will be reversed, and the case remanded to the chancery court for a decree sustaining the prayer of complainant's bill.

The costs of the appeal will be adjudged against the guardian, and if not paid, will be certified to the chancery court, to be included in the decree of that court as a part of the tax lien.