SPEER v. PIERCE et al.—77 S. W. (2d) 77.

Middle Section. August 8, 1934.

Petition for Certiorari denied by Supreme Court, December 14, 1934.

R. E. Dotson, of Pulaski, for appellant.
R. E. Lee, of Pulaski, for appellees.

DeWITT, J. The defendants have filed a motion in this court to dismiss the appeal of complainant, J. N. Speer. On October 6, 1933, the chancellor, after hearing upon the entire record and upon argument of counsel, rendered a decree upon the merits of the

cause awarding to complainant a recovery of $712 against the defendant Pierce and dismissing an attachment by garnishment of funds in the hands of the receiver of the Citizens' Bank, having been deposited in that bank by Pierce to the credit of his mother, and being the proceeds of compensation from the United States Veterans' Bureau.

The cause had been heard by the chancellor upon oral testimony under an agreement in writing filed in the cause by counsel under the act of 1917 (Pub. Acts 1917, chapter 119).

On October 28, 1933, the complainant, Speer, filed a motion for a new trial. On November 10, 1933, this motion was heard and overruled, and to this action the complainant excepted. On the same day complainant, Speer, filed a motion in arrest of judgment which purported to be based entirely upon the evidence in the cause. This motion was overruled. The order recites that to this action of the court complainant, Speer, "excepts as well as he excepts to all former orders herein, and prays an appeal to the next term of the Court of Civil Appeals at Nashville, Tennessee, which motion is by the Court granted and upon good cause shown the complainant is allowed thirty days within which to complete his appeal by filing his bill of exceptions and entering bond in the sum of $250." Of course, the misnomer of this court may be treated as mere clerical error.

On December 9, 1933, a bill of exceptions was filed. On December 9, 1933, complainant Speer filed an appeal bond in the sum of $250.

Although no motion for a new trial is necessary in a cause so heard (Mutual Life Ins. Co. v. Burton, 167 Tenn., 606, 72 S. W. (2d), 778), the motion for a new trial may be treated as if it were in form a petition to rehear. Such petition may be filed within thirty days if the court holds so long. Code, section 8980. The motion (treated as a petition) was filed in time. There is no rule in this state making it mandatory that an order be entered on the minutes showing the filing of a petition to rehear and suspending the execution and effect of the final decree until the petition could be disposed of by the court. A petition to rehear suspends all proceedings upon the decree until the petition is disposed of. Gibson's Suits in Chancery, section 1215; Wright v. Dorman, 155 Tenn., 189, 291 S. W., 1064. The chancellor's decree therefore became final on November 10, 1933, when the petition was overruled. The appeal was properly taken as it applied to the former decree on the merits. The bill of exceptions and the appeal bond were filed in time. The motion to dismiss the appeal is overruled.

The motion in arrest of judgment is treated as a nullity and surplusage, for such motion is not according to the practice in chancery courts. Arrest of judgment is the act of staying a judg-

354

ment, or refusing to render judgment, in actions at law and in criminal cases, after verdict, for some matter intrinsic, appearing on the face of the record, which would render the judgment, if given, erroneous or reversible. 34 C. J., 31. Even if such practice obtained in chancery, the motion made in this cause could not have been considered, for it was based solely upon the evidence, and not solely upon the record proper. Pelican Assurance Co. v. American Feed & Grocery Co., 122 Tenn., 652, 126 S. W., 1085.

The question involved is whether or not a fund received by Pierce from the United States government as "back compensation" for disability, as a soldier in the World War, delivered by Pierce to his mother and held by her on deposit in a bank, may be reached by process and subjected to the satisfaction of a judgment in favor of the complainant.

This court concurs with the chancellor in holding that said fund is exempt from execution to satisfy debts of Pierce, whether it is held on deposit to his own credit or that of his mother; that he had the right to deliver the fund to her without fraud or wrongdoing on his part. It matters not that he owes the complainant the money, nor that it is held on deposit in a bank.

The question is determined by the following provision of the United States Code, title 38, section 454 (38 U. S. C. A., section 454):

"The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation."

Parts II (section 200 et seq., as amended [38 U. S. C. A., section 471, et seq.]) referred to relates to such compensation. It is clear that the purpose of the act is to exempt such a fund from the claims of creditors. The case of State v. Blair, 165 Tenn., 519, 57 S. W. (2d), 455, relied on by the appellant, involved only the taxation of land purchased by a guardian for his ward with money received as compensation under the aforesaid act of Congress. The money had been invested in the land, and the land was held to be subject to taxation. Here we deal with a fund not invested. The question is not as to taxation of property in which such a fund has been invested.

In Payne v. Jordan, 152 Ga., 367, 110 S. E., 4, it was held, under the aforesaid act, that money paid over to a beneficiary under a contract of war risk insurance, although deposited by her in a bank, is not subject to garnishment; the purpose of the act being not merely to protect insurance paid under the act from legal process while in the hands of the government or its agencies, but

to preserve the payment itself from legal process against the beneficiary, except as against claims of the government itself.

The exemption provided, as aforesaid, is in line with the legislative policy of this state, which exempts from execution pensions paid by the state as long as the money received by the pensioner is in his hands or on deposit in bank. Code 1932, section 7715; State v. Blair, supra.

The decision cannot be made to turn upon an interpretation of the word, "payable," that it refers only to the status when the compensation is due but has not reached the beneficiary. It has a broader meaning as designating a fund derived from the government under the act. The word is simply an adjective in a phrase describing the thing upon which the act operates. The act does not restrict the exemption to the status when the money is due but not yet paid. It extends the exemption to the status of possession of the fund by the beneficiary.

The assignments of error are overruled, and the decree of the chancery court is affirmed.