PEAK *v.* DAVIDSON COUNTY *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

WALTER S. WALKER, of Nashville, for appellant.

HORACE OSMENT, R. C. BOYCE, and JOS. W. GRAY, all of Nashville, for appellee.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

This bill is filed by complainant as the sole heir at law of Mahalia Vanleer, deceased, who died intestate in Davidson county, in 1934, while an inmate of the Davidson County Asylum, an institution maintained by Davidson county. Complainant was the daughter of deceased. The said Mahalia Vanleer was the surviving widow of Reuben Vanleer, deceased, who was a veteran of the Civil War.

The case made in the bill is that in 1930, the United States Commissioner of Pensions awarded to Mahalia Vanleer a pension in the sum of about $3,500; that at the time such award was made, the said pensioner was insane, and an inmate of the Davidson County Asylum, and that she had been such insane inmate since 1923; that when said pension was awarded, an official of the asylum instituted an inquisition of lunacy against said Mahalia Vanleer; that she was declared a person of unsound mind; that the Nashville Trust Company was appointed as her guardian, and made bond as such; that shortly thereafter, the said guardian filed a petition in the county court of Davidson county, setting up that the guardian had in its hands about $3,700, being money awarded by the United States as a pension to the said ward; that said ward was hopelessly insane, was being cared for by the county, having been accepted as a charity patient, but that the ward then had sufficient funds to pay for her care; and that $20 per month would

be a proper charge to make for such services. It is further charged that the said petition averred that the Davidson County Asylum was demanding compensation for past services to Mahalia Vanleer, and that the guardian was willing to pay for the same, if the court found under the law and the facts that the guardian should make payment for the past services which the county had rendered on the basis of the patient being a charity inmate. It is shown that on this petition, not only did the county court enter an order for the payment of future charges of $20 per month, but also directed or approved the payment by the guardian to the Davidson County Asylum of the sum of $1,440 for past services to the said patient. It is charged that upon the death of Mahalia Vanleer, the Nashville Trust Company became the administrator of her estate, making bond as such. The guardian and administrator, and the bondsmen of each, are made defendants. The bill charges that complainant knew nothing of the proceedings had in the county court, was not notified thereof, and that the facts of the family and relatives of said Mahalia Vanleer were not made known to the court. The payment of said $1,440 by the guardian, and the failure of the guardian and administrator to account for the said sum, and their liability therefor, and a like liability of Davidson county is charged to exist on the ground that the county court was without jurisdiction to authorize or direct the payment of said sum; that the judge of the county court was disqualified to hear and determine the said petition, because Davidson county was interested in the subject-matter of its decree, because the county had accepted Mahalia Vanleer as a charity patient, had rendered its prior services to her upon the county's obligation to care

for her without charge, and did not expect to receive compensation for such services. It is also charged that Mahalia Vanleer performed services, while an inmate of the asylum, fully sufficient to compensate the asylum for her care and keep. It is also charged that there was collusion between the Nashville Trust Company and Davidson county, whereby the funds of the ward were improperly depleted by the guardian, in the amount stated.

The bill prays that the county court decree be for nothing held; that a decree be entered against Davidson county for the $1,440 and interest, or for a decree on the bond of the Nashville Trust Company, or the parties responsible for the said fund; prays also for a decree of $100 paid a solicitor of the Nashville Trust Company; and prays for general relief.

Davidson county demurred to the bill, on the grounds that it did not state facts sufficient to show any fraud upon its part, because the bill shows that the right of the county to be compensated for past services rendered Mahalia Vanleer had been adjudicated by the county court; because petitioner was not entitled to notice of said proceedings when the same were had; because the county court of Davidson county had jurisdiction of said case, the county judge was not incompetent, and his decree was not void; and because as a matter of law and equity the county was entitled to compensation for the necessary support and maintenance of the inmate of said hospital.

The Nashville Trust Company, as guardian and as administrator, and the sureties on each of said bonds, demurred on substantially the same grounds. The chancellor sustained the demurrers and dismissed the bill.

The complainant has appealed and assigns the chancellor's action as error.

It is said by complainant that the money which belonged to the guardian's ward was exempt. But we find no authority to support this position, and counsel refers to none. When this pension was awarded, it was exempt by Federal statute, until it reached the hands of the pensioner, but not thereafter. United States Code Annotated, title 38, sec. 54; *United States* v. *Hall,* 98 U. S., 343, 25 L. Ed., 180. We have held that funds coming into a guardian's hands have reached the ward. *State* v. *Blair,* 165 Tenn., 519, 57 S. W. (2d), 455, affirmed in *Trotter* v. *Tennessee,* 290 U. S., 354, 54 S. Ct., 138, 78 L. Ed., 358. We think the fund was not exempt, under our exemption laws.

The determinative question is the jurisdiction of the county court of Davidson county, upon the petition filed therein by the guardian, to authorize or direct the guardian to pay the Davidson County Asylum $1,440 for past services rendered by the guardian's ward, after the asylum had accepted the patient as a nonpaying or charity patient.

By chapter 406, Priv. Acts 1915, the county court of Davidson county is given concurrent jurisdiction with the chanery court, in cases in which it is sought to encroach upon the *corpus* of any estate for the benefit of the person under disability. Reliance is placed by defendants upon this act, and upon the proceedings had in the county court, upon the guardian's petition.

The petition referred to was filed by the Nashville Trust Company, as guardian of Mahalia Vanleer, on or about May 6, 1930. This petition, in which Mahalia Vanleer is named as defendant, alleges that the petitioning guardian was appointed and qualified as such on

the ——— day of April, 1930; that the defendant therein is an insane person; that the guardian has in its hands $3,713.50, paid to it by the Bureau of Pensions of the United States; and that after the guardian has paid the expenses of an inquisition of lunacy in behalf of its ward, it has on hands approximately $3,500, which is all the property owned by the ward. It is then charged that the said ward was then an inmate of the Davidson County Asylum, and had been there confined since September 20, 1923; that she had been committed to said institution as a charity patient, and nothing had been paid for her maintenance since her confinement in said institution; that the usual charge for patients able to pay for their care is $20 per month, which is a fair and reasonable charge. The petition then charges that the guardian is "advised" that the Davidson County Asylum is demanding compensation for past expenses and maintenance of said ward, and that the guardian is willing to pay therefor, from the time the patient became an inmate up until the present time, provided the court finds under the law and the facts that said institution is entitled to such compensation, and that it is to the manifest interest of the ward that the *corpus* of her estate be encroached upon for that purpose. There is no charge that it is to the interest of the ward that the said demand of the asylum be paid. The asylum is not a party to the petition, nor was Davidson county a party thereto; the only parties being the guardian and the ward. The petition does charge, however, that it is to the manifest interest of the ward, and necessary for her support, that the *corpus* of the estate in the guardian's hands be encroached upon for the future support of the ward. The petition prays for process to be served upon the ward, the appointment of a guardian *ad litem* for her, that the

guardian be allowed to encroach upon the *corpus* of the ward's estate, if necessary, to the extent of $—— per month for the future support of the ward, and petitioner then prays that "if the court finds it proper that the Davidson County Asylum be compensated for the past support and maintenance of defendant, that the court fix such sum as will justly compensate said institution for said expense, and allow petitioner to encroach on the *corpus* of the guardianship fund for an amount sufficient to cover said expenses."

It is noted that the petition does not charge that it is to the manifest interest or advantage of the ward that her estate be encroached upon so as to pay the alleged claim of the Davidson County Asylum, nor is it charged that it would benefit the ward, or her estate, for such claim to be paid. The guardian charges nothing in this respect, except that it is advised that the asylum is demanding such compensation, and that it is willing to pay the same if the court finds that the institution is entitled to such compensation.

On this petition, the county judge entered a decree, on May 12, 1930, adjudging that the guardian pay $20 per month for the future support of its ward, and also authorizing and directing the guardian to encroach upon the funds in its hands to the extent of $1,440, to be paid the Davidson County Asylum for the support of the ward from September 20, 1923, to the date of the decree. The decree recites that the Davidson County Asylum has been required to expend $20 per month for the support and maintenance of said Mahalia Vanleer since the date she became an inmate of said institution.

The record shows that the cause was heard upon the

petition, the answer of the guardian *ad litem,* and the oral evidence heard in open court.

It seems to be settled that when the county has cared for an insane person, or admitted such to its charge, as a charity patient, upon the belief or representation that the patient has no funds or estate from which to pay for such care, that the county, because of such misrepresentation and fraud, as well as upon the duty of the patient to pay, when able, may recover for the necessary expenditures made on behalf of the patient. *McNairy County* v. *McCoin,* 101 Tenn., 74, 45 S. W., 1070, 41 L. R. A., 862; *Tennessee Hospital* v. *McReynolds,* 1 Tenn. Ch. App., 349. And it seems fairly well settled that a guardian who has expended funds for the necessary and proper care of a ward may, when called upon for an accounting, have credit for such expenditures, if made under such facts and circumstances that a chancery court would have ordered and approved the same, if application had been made to the court in the first instance. *Roseborough* v. *Roseborough,* 62 Tenn. (3 Baxt.), 314; *Owens* v. *Pearce,* 78 Tenn. (10 Lea), 45.

This, however, is not the case made upon this record. On the contrary, this guardian paid out its ward's funds, upon the mere approval by the county court of Davidson county, under a petition which did not attempt to charge that it was for the benefit of the ward that such expenditure be made. That petition did not attempt to seek an encroachment for the necessary support, education, and maintenance of the ward, which is the only ground upon which a chancery court could grant such an encroachment. Code, sec. 8520. At most, the petition in the county court was in the nature of a petition filed for a declaration of rights or obligations,

or simply alleged that the guardian was advised that the asylum demanded pay for past services to the ward. The county court had no jurisdiction to entertain the petition, or enter a decree, declaring the rights and obligations of the guardian, and had no jurisdiction to award a judgment against the guardian in behalf of the asylum, Neither Davidson county nor the Davidson County Asylum was a party to the suit. It does not appear that the ward was served with process under the petition, nor that the court had jurisdiction to appoint a guardian *ad litem* for the ward. No jurisdictional facts were present, and the county court's decree, attempting to direct the guardian to pay the claim of the Davidson County Asylum, was void, and afforded no protection to the guardian, and settled no supposed rights of the Davidson County Asylum, concerning the $1,440. Thus there is no justification shown in the record for this payment by the guardian, and hence no justification is shown for the failure of the guardian and administrator to account for this fund. We think the bill was not subject to demurrer upon the part of any of the defendants.

The cause does not require the determination of the relative rights of the guardian, administrator, and county, as the record is here merely upon bills and demurrers.

The chancellor's decree, sustaining the demurrers, will be reversed, and the cause remanded for answer and further proceedings consistent herewith.

The costs of the appeal will be divided between Davidson county and the Nashville Trust Company.