Powers *v.* L. & N. R. Co.

(*Knoxville,* September Term, 1945.)

Opinion filed June 4, 1946.

DONALDSON, MONTGOMERY & KENNERLY, of Knoxville, for F. D. Powers, Administrator.

JAMES B. WRIGHT and WILLISTON M. COX, both of Knoxville, for L. & N. R. Co.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In its petition to rehear, the railroad complains, first, that by denying the petition for *certiorari* without

a written memorandum, this Court failed to comply with Section 9924 of the Code. This case is not "determined" by this Court, but by the court of appeals, so that section of the Code has no application. Since passage of Chapter 100 of the Acts of 1925, practice by this Court of denying petitions for *certiorari* to the court of appeals without memorandum has been long established and frequently approved. *Beard* v. *Beard,* 158 Tenn. 437, 14 S. W. (2d) 745. That such action here would justify an inference that we so approve a modification by the court of appeals of rules of law settled by opinions of this Court in *Railroad* v. *McDonough,* 97 Tenn. 255, 37 S. W. 15; *Graves* v. *Illinois Cent. Railroad Co.,* 126 Tenn. 148, 148 S. W. 239; *Southern R. Co.* v. *Whaley,* 170 Tenn. 668, 98 S. W. (2d) 1061; *Southern Ry. Co.* v. *Noah,* 180 Tenn. 532, 176 S. W. (2d) 826, is a contention equally without merit. We do not agree that the opinion of the Court of Appeals in the present case indicates any attempt to modify the rules laid down in the foregoing cases, but even if it did, our action in denying *certiorari* without memorandum would not indicate our approval of anything but the result reached below. *Bryan* v. *Ætna Life Ins. Co.,* 174 Tenn. 602, 611, 130 S. W. (2d) 85; *Lingner* v. *Lingner,* 165 Tenn. 525, 529, 56 S. W. (2d) 749.

█ We think this case presents no more than factual questions of negligence and contributory negligence upon which there has been a concurrence by the jury, the trial judge and the court of appeals. No rule is more firmly established in Tennessee than that such concurrence, if supported by material evidence, is binding on this Court.

█In the declaration it was alleged that defendant was guilty of negligence in failing to maintain the crossing in accord with the duty laid upon it by secs. 2657-2660 of the Code. These sections apply to all "public road

[crossings]," and impose a duty wholly separate from and independent of duties imposed at "designated crossings" under Section 2628 of the Code. It is, therefore, immaterial to the result whether the railroad was also guilty of neglect of its duties under Section 2628, since we find that the verdict of the jury, so far as negligence of the railroad is concerned, is supported by abundant evidence that the railroad was guilty of negligence under Sections 2657-2660 of the Code. *Tennessee Central R. Co.* v. *Umenstetter,* 155 Tenn. 235, 291 S. W. 452; sec. 8824.

The proposition in the petition to rehear that the plaintiff's intestate was guilty of contributory negligence as a matter of law, is equally untenable. Declaration by the Court that Powers was guilty of contributory negligence as a matter of law, would only be justified if the actions or conduct of Powers, immediately prior to the accident, was made clear in the record by undisputed evidence from which all reasonable minds would be forced to conclude that such actions or conduct constituted proximate contributory negligene. *Philip Carey Roofing & Mfg. Co.* v. *Black,* 129 Tenn. 30, 36, 37, 164 S. W. 1183, 51 L. R. A. (N. S.), 340; *Mayor & Aldermen* v. *Cain* 128 Tenn. 250, 159 S. W. 1084, Ann. Cas. 1915B, 767; *Lea et al.* v. *Gentry,* 167 Tenn. 664, 673, 73 S. W. (2d) 170; *Osborn et al.* v. *City of Nashville* 182 Tenn. 197, 185 S. W. (2d) 510. The only evidence that is undisputed of actions or conduct of Powers immediately prior to the accident, is that when the car, which he had not been driving, was stalled between the tracks, when no train was in evidence or had given a signal of danger, his companion got out of the car and Powers remained in it. We know of no rule that would justify a holding that the mere failure of Powers to get out of the car under those circumstances,

constituted proximate contributory negligence as a matter of law.  The question was clearly for the jury's determination after weighing all the evidence.  Cases involving "joint enterprise" and "master and servant," (*Snyder* v. *Missouri Pac. R. Co.*, 183 Tenn. 471, 192 S. W. (2d) 1008, 1012), cited by petitioner, have no application, since at the time of the accident the car was at a standstill, not being driven by any one.  If there had been any "joint enterprise" between the occupants of the car by which the manner of the operation of the car by one was imputable to the other, it was over when the car came to a standstill.  With the car at rest, Powers like McDonald was a free agent to take steps for his own safety.  It was Powers' own, separate and independent exercise or lack of reasonable care which was for the jury's determination under all the facts and circumstances disclosed by the evidence.

Though we sympathize with the insistence of learned counsel whose able arguments have fallen on deaf ears in the trial court and in the court of appeals, in their iteration of those arguments here, we find no reason to justify modification of our order denying the writ of *certiorari,* and we feel that the petition for rehearing must also be denied.