BESSIE JONES JOHNSON et al., Complainants, v.
MARGARITTE JONES JOHNSON et al., Defendants.
—292 S. W. (2d) 472.

Western Section. March 16, 1956.

Petition for Certiorari denied by Supreme Court, June 8, 1956.

656

Ross W. Dyer, Halls, for appellants.

J. B. Avery, Jr., Theo. J. Emison, Alamo, for appellees.

HICKERSON, J.  Complainants filed the original bill against defendants to determine the owners of a tract of land and to sell same for partition.

By answer, defendants made an issue concerning the ownership of the land.

The Chancellor decreed in favor of defendants. Complainants prayed for and were granted an appeal from this decree of the Chancery Court which was adverse to them.  Complainants filed their appeal bond in the Chancery Court and a pauper's oath for some of them.  The same principles apply, so we shall consider the case when an appeal bond was filed.

Within thirty days from the date of the entry of the decree in which complainants prayed for and were granted an appeal and during the term in which such decree was entered, but after the filing of the appeal bond, complainants filed a petition to rehear in the Chancery Court. Over the objection of defendants, the Chancellor entertained the petition and ordered a rehearing.

The original defendants presented a petition for the writ of certiorari to a member of this Court in vacation, and that Judge denied the petiition.  Whereupon, the petition was filed in this Court and was heard by the Western Section of the Court upon the whole record, including briefs and oral argument.

The cause is before the Court of Appeals on one question: Did the Chancellor have jurisdiction to entertain, consider, and determine questions made by the petition to rehear filed by complainants during the term and within thirty days from the entry of the decree in which complainants prayed for and were granted an appeal, when the petition to rehear was filed subsequent to the filing of an appeal bond by complainants in the Chancery Court pursuant to such decree entered in that Court?

Petitioners for certiorari, the original defendants, herein called petitioners, contend that, "the cause was automatically transfered to the Court of Appeals," when the original complainants, defendants to the petition for certiorari, herein called defendants, filed their appeal bond in the Chancery Court pursuant to the decree of that Court entered on the minutes whereby the original complainants prayed for and were granted an appeal to this Court. Wherefore, petitioners allege the Chancery Court had no jurisdiction to entertain the petition to rehear filed after the filing of the appeal bond in that Court.

To the contrary, defendants contend that the decree of the Chancery Court, "was within the bosom of the Chancellor," for thirty days after its entry; and the Chancellor had jurisdiction to entertain the petition to rehear filed within the term and within thirty days from the entry of the decree in the Chancery Court, although the petition was filed after the appeal bond was filed.

Since the statutory law applicable to the case as found in Tennessee Code Annotated (T. C. A.) is the same that it was prior to the effective date of T. C. A., we shall refer to the statutory law as it is found in T. C. A.

Furthermore, many of the authorities cited herein state the end of the term marked the end of the jurisdiction of the trial court for any purpose. At the time these authorities were prepared, such was the law; but it has been changed by statutes which we shall incorporate in this opinion.

As the law now stands, the ending of the term does not affect the right of the parties to file motion for new trial or a petition to rehear, and the end of the term does not affect the control which the Court has over its decrees for a period of thirty days after the entry thereof.

We reject the contention of petitioners that the difference in the effect of an appeal of a law case and an appeal of an equity case has any application to the case on trial. If the Chancery Court had lost jurisdiction of the case on trial before the petition to rehear was filed in the Chancery Court, petitioners must prevail upon their petition for certiorari; for any decree of the Chancery Court based upon the petition to rehear would be void for want of jurisdiction. The same rule would hold true if the case were a law case.

We here quote the applicable Code Sections.

T. C. A. sec. 25-101. "Judgment and decree distinguished.—The word judgment is usually applied to a determination of the rights of the parties in an action at law, and the word decree to a similar determination in equity; but the words are interchangeable in this Code, each embracing both classes of determination, unless limited expressly or by the context."

T. C. A. sec. 27-201. "Motion for rehearing or new trial.—A rehearing or motion for new trial can only be applied for within thirty (30 days from the decree, verdict or judgment sought to be affected, subject, however, to the rules of court prescribing the length of time in which the application is to be made, but such rules in no case shall allow less than ten (10) days for such application. The expiration of a term of court during said period shall not shorten the time allowed."

T. C. A. sec. 27-301. "Right of appeal in chancery cases.—Either party dissatisfied with the judgment or decree of the circuit or chancery court, in a matter of equity tried according to the forms of the chancery court, may appeal to the Supreme or Appeals Court, and have a reexamination, in that court, of the whole matter of law and fact appearing in the record."

T. C. A. sec. 27-310. "Parties entitled to appeal. —Any one or more of the parties to a judgment or decree may pray and obtain an appeal therefrom, the judgment remaining in full force against such of the parties as do not appeal."

T. C. A. sec. 27-312. "Time for filing appeal and bond.—When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the Court of Appeals or Supreme Court, the appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty (30) days from the judgment or decree of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the

thirty (30) days, the court may extend the time to give bond or take the oath, but in no case more than thirty (30) days additional.

"The expiration of a term of court shall have no effect in the application of this section. In all cases where the appeal has not been prayed for within the time prescribed in this section, the judgment of decree may be executed."

The question for determination was considered in Tennessee Procedure in Law Cases, By Higgins and Crownover, sec. 1833 and sec. 1872, where it is said:

Sec. 1833. "When Appellate Court Acquires Jurisdiction.—The general rule is that the court to which a case has been appealed acquires jurisdiction only when the appellant has observed all the conditions prescribed by law and by the specific order of the court. Theoretically the cause is looked upon as transferred to the appellate court when nothing remains to be done except the work of the clerk in preparing and lodging with the appellate court a transcript of the cause.

"Notwithtstanding this rule respecting the assumed transfer of a case to the higher court, the lower court unquestionably has the power to set aside its order respecting the granting of an appeal at any time within thirty days of a lengthy term or upon any day of a term of shorter duration."

Sec. 1872. "When Appeal Perfected; When Jurisdiction of Appellate Court attaches.—If the plaintiff in error and the clerk have performed every act required to perfect an appeal, particularly the mak-

ing of bond or pauper's oath, the case will be deemed to have been transferred to the court to which it was appealed, with a reservation, as heretofore stated, of power in the trial court to recall the appeal at any time within thirty days if the term be so long; if not then within the term at which the judgment was rendered.''

Chancellor Gibson had under consideration the same question in his Suits in Chancery, Third Edition, sec. 1262 where he thus stated the rule:

''Office and Effect of an Appeal.—The object of an appeal is to enable a party dissatisfied with the Chancellor's rulings, orders, and final decree, to have the cause reheard and redetermined by an appellate Court, upon all the matters of law and fact appearing in the record; and where an appeal has been prayed, granted, and perfected, and the term ended, or the thirty days elapsed, the cause is thereupon transferred from the Chancery to the Appellate Court, and the jurisdiction of the Chancellor ended. But at all times during the term, if within thirty days after its entry, the decree is under the control of the Court; and may, during that period be modified, or even vacated; or the order granting an appeal may, during the same period, be vacated, or modified. So, during that period, a final decree and a prayer and a grant of an appeal therefrom may all be set aside, and an interlocutory order be made in the cause, and thereafter the final decree, prayer, and appeal be re-entered.''

McCanless v. State ex rel, Hamm, 181 Tenn. 308, 309, 181 S. W. (2d) 154, 156, 153 A. L. R. 832 opinion by Mr.

Chief Justice Green, is directly in point. The Court held in that case that the trial court did have jurisdiction to entertain a motion for new trial filed within thirty days from the entry of the judgment in which an appeal was prayed and granted even though the appeal bond had been filed before the filing of the motion for new trial.

The Court quoted from Gibson's Suits in Chancery, sec. 1262, supra, as authority for its construction of Chapter 65, Acts of 1885, T. C. A. sec. 27-312.

The Court further held in the Hamm case that:

"The entry of a motion for a new trial herein may be treated as an abandonment of the appeal first granted, as in Newton Finance Corp. v. Conner, 161 Tenn. 441, 33 S. W. (2d) 95, 72 A. L. R. 1286."

■ A petition to rehear or a motion for new trial filed within thirty days from the entry of the decree or judgment in which an appeal was prayed and granted suspends all proceedings upon the judgment or decree until the motion or petition is disposed of. Jackson v. Jarratt, 165 Tenn. 76, 52 S. W. (2d) 137; Speer v. Pierce, 18 Tenn. App. 351, 77 S. W. (2d) 77; Standard Oil Co. of New Jersey v. Naramore 30 Tenn. App. 430, 207 S. W. (2d) 7.

Judge Higgins and Mr. Crownover take note of a difference in the time, "when appeal perfected," and the time, "when the jurisdiction of the appellate court attaches." Tennessee Procedure, sec. 1872.

■ We think the time element is important. An appeal is "perfected" when appellant files his appeal bond pursuant to the decree of the court granting the appeal and nothing is left for appellant to do to transfer the

jurisdiction of the cause from the Chancery Court to the Court of Appeals.

But the Chancery Court does not lose jurisdiction of the cause, and the jurisdiction of the Court of Appeals does not attach until thirty days have expired from the entry of the decree in which an appeal was prayed and granted. During that time the Chancellor may vacate or modify his former decree upon his own motion or upon the motion of either party litigant. Neither of the parties can deprive the Chancellor of his jurisdiction of the cause during such thirty days by filing an appeal bond.

In the case on trial, no time limit was set in the decree granting the appeal within which a petition to rehear must be filed. Wherefore, the parties had the statutory right to file a petition to rehear within thirty days from the entry of such decree. T. C. A. sec. 27-201.

When T. C. A. sec. 27-201 and T. C. A. sec. 27-301 and T. C. A. sec. 27-312 are construed together, as they must be, they require the trial courts to consider a petition to rehear which is filed within thirty days from the entry of the decree wherein an appeal was prayed and granted, unless the Chancellor limits the time for filing such petition to rehear. And this is true although an appeal bond is filed prior to the filing of the petition to rehear. This construction of the statute is compulsory in order: (1) to protect the statutory right of the litigant to file a petition to rehear within thirty days from the entry of the decree in which an appeal was prayed and granted, T. C. A. sec. 27-201; and (2) to preserve the statutory authority of the Chancellor to complete jurisdiction and control of his decrees for thirty days after

the entry of the decree in which an appeal is prayed and granted.  T. C. A. sec. 27-312.

If we should adopt the construction of these statutes for which petitioners contend, the result would be that an appellant could file his appeal bond on the very day that the decree was entered in which he prayed for an appeal and was granted an appeal and thus deprive his adversary of the statutory right to file a petition to rehear within thirty days from the entry of the decree; and, furthermore, such construction woud deprive the Chancellor of his statutory right to control his decrees for thirty days after their entry.

For the reasons stated, the petition for certiorari is denied at the cost of petitioners.

Carney and Bejach, JJ., concur.