John A. Chumbley, Complainant-Appellant,

*v.*

Duck River Electric Membership Corporation,
Defendant-Appellee.

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

244

John A. Chumbley, Manchester, *pro se*, for appellant.

W. P. Cooper and Allen Shoffner, Shelbyville, for appellee.

Mr. Justice Swepston delivered the opinion of the Court.

Complainant filed his original bill in which he alleged that he is the owner of property known as the Old Stone Fort, located about a quarter of a mile from highway No. 41 and about one mile from Manchester, Tennessee,

and that defendant is a corporation organized to furnish electricity to the citizens of Coffee County and has been doing so for a number of years; that 3 or 4 years ago he made application to have defendant install electricity on his property but that it declined to do so unless it would be allowed by him to locate the line along the right of way across a valuable part of his said property, which would require the cutting of a large number of ancient and valuable trees; that it is unnecessary to so locate said right of way and that he has offered it alternative routes which are less costly to defendant and less damaging to complainant, but it has refused to build said line or to furnish said current and that he has been damaged thereby; it is averred that complainant "feels" that defendant is a public service corporation and that the same is under obligation to him to furnish the requested service, that he is entitled to a mandatory injunction to require same and to damages for their refusal to furnish same.

Defendant demurred on the ground that the bill alleged no fact showing the existence of any legal obligation on the part of the defendant to do the act or acts sought to be enforced in this cause.

The chancellor sustained the demurrer and dismissed the bill.

██ Appellee has filed a motion to dismiss the appeal because the record does not contain either a prayer for an appeal or an order allowing same. This, of course, is necessary to perfect an appeal and the result is that in the absence of same, there is no appeal. However, the certified copy of the record is on file in this Court and the

same contains a bond for the costs. We, therefore, will treat the matter as being here on a writ of error, which lies from a final decree in all cases where an appeal or an appeal in the nature of a writ of error would have lain. Gibson's Suits in Chancery, Fifth Edition, Sec. 1344; T.C.A. secs. 27-601 and 27-306.

■ Neither a prayer for appeal nor an order granting same is a prerequisite to the filing of the record for a writ of error. *Honeycutt v. Nabors,* 197 Tenn. 300, 271 S.W.2d 859.

■ In support of the demurrer, the appellee states that if, under the allegations of the bill, the defendant be considered a public utility or public service corporation, then there would be no duty upon the part of the defendant to extend its facilities to complainant unless and until ordered to do so by the Tennessee Public Service Commission because exclusive jurisdiction of the subject matter would, in the first instance, be vested in said Commission under *Breeden v. Southern Bell Tel. & Tel. Co.,* 199 Tenn. 203, 285 S.W.2d 346; T.C.A. secs. 65-401, 65-404 and 65-422.

If, on the other hand, by reason of the fact that the defendant is sued under the name and style of an electric membership corporation as described in T.C.A. secs. 65-2424, this Court takes judicial notice of the fact that defendant was formed pursuant to said electric membership corporation law T.C.A. sec. 65-2401 *et seq.,* then there would be no duty on the part of defendant to extend its electric facilities to complainant, because complainant does not aver that he is a member of said corporation or that he has complied with the reasonable rules and regu-

lations and has become entitled to the privilege of membership.

We are constrained to agree with the above statement of the defendant. The complainant relies upon the case of *Nashville Water Co., Inc., v. Dunlap,* 176 Tenn. 79, 85, 138 S.W.2d 424; and *Crumley v. Watauga Water Co.,* 99 Tenn. 420, 421, 41 S.W. 1058, for the proposition that a public utility, water companies in these two cases, is bound to furnish facilities to all of the inhabitants without discrimination. It must be observed, however, that if it be a public utility, then the Breeden case, *supra,* is applicable and requires the action to be brought before the Public Service Commission before proceeding in the courts.

We, therefore, must affirm the decree of the chancellor.