# CHATTANOOGA COCA-COLA BOTTLING CO., Appellant, v. FLORA DISBROW et al., Appellees.
## —447 S.W.2d 107.

Eastern Section.   March 11, 1969.

Rehearing Denied April 16, 1969.

Certiorari Denied by Supreme Court August 18, 1969.

Humphreys, Hutcheson & Moseley, Chattanooga, for appellant.

Kelley & DiRisio, Chattanooga, for appellees.

TAYLOR, J. This is an appeal by Chattanooga Coca-Cola Bottling Co., hereinafter referred to as defendant, from judgments in favor of Flora Disbrow in the amount of $4,000.00 and Durrell E. Disbrow in the amount of $1,000.00 rendered in the Circuit Court of Hamilton County. Flora Disbrow and Durrell E. Disbrow will hereinafter be referred to as plaintiffs.

Flora Disbrow bought what is generally referred to as a "six pack" of bottled soft drinks at a "Golden Gallon Store" in Chattanooga on November 15, 1966. After she picked up the carton of soft drinks and started out of the store "the bottles fell through the carton, hit the pavement, and exploded." A piece of the glass struck her leg resulting in a laceration. She sued the defendant and the Golden Gallon Store and verdicts in favor of plaintiff were entered against defendant as above related, Golden Gallon Stores having been found not guilty of negligence by the jury.

Plaintiffs have filed a motion with the court seeking to have defendant's appeal dismissed upon the following grounds:

(a) The appeal bond was not filed within time;

(b) The bill of exceptions was not filed within time.

The trial judge entered an order overruling the motion for a new trial on June 10, 1968, and defendant prayed an appeal which was granted. The said order allowed "90 days herefrom during which to perfect said appeal."

Under the provisions of section 27-312 of Tennessee Code Annotated the trial court could have granted 60 days for the filing of a bond which would have perfected the appeal. The trial court could have granted 90 days within which to file the bill of exceptions under provisions of section 27-111 TCA. Both the bond and bill of exceptions were filed within the time which the trial court could have lawfully allowed, but the bill of exceptions was not filed within 30 days as provided by section 27-111.

Defendant contends that the court's order granting it 90 days in which to perfect its appeal should not be presumed unlawful and void but, to the contrary should be presumed to allow appellant the 60 days as provided by section 27-312 TCA. With this we agree. However, this is not the real problem with which defendant is confronted. The order allowed "90 days herefrom during which to perfect said appeal."

In Johnson v. Johnson, 40 Tenn.App. 655, 292 S.W.2d 472, this court said:

"We think the time element is important. An appeal is 'perfected' when appellant files his appeal bond pursuant to the decree of the court granting the appeal and nothing is left for appellant to do to transfer the jurisdiction of the cause from the Chancery Court to the Court of Appeals."

In State of Tennessee ex rel. Tines v. Bomar, 205 Tenn. 572, 329 S.W.2d 813, the Supreme Court in affirming the

judgment of the lower court where the final decree entered in the cause made no provision for the filing of a bill of exceptions said:

"At this point it is proper and necessary for an orderly disposition of this appeal to state that the purported bill of exceptions can not be considered by this Court. It was not filed within the 30 days provided by T.C.A. sec. 27-111, nor was an extension of said period applied for or obtained. Suggs v. State, 195 Tenn. 170, 258 S.W.2d 747.

The order in the final decree allowing 45 days for perfecting the appeal, as permitted by T.C.A. sec. 27-312, does not aid the situation because said Code provision does not have any application to the time for filing a bill of exceptions. Strain v. Roddy, 171 Tenn. 181, 101 S.W.2d 475; Beiler v. State, 158 Tenn. 404, 14 S.W.2d 51."

Defendant contends that it was induced to approve the order by plaintiffs and that plaintiffs' counsel drew the order allowing 90 days to perfect the appeal and for that reason the trial court and defendant had been led into error. It argues that defendants should not be permitted to take advantage of their own error or wrong. The order overruling the motion for a new trial was not the order of the plaintiffs nor of the defendant. It was the order of the court even though drawn by one of the parties and approved by both.

Since no error appears in the technical record and no attack made thereon by defendant, and there being no bill of exceptions in the record, it will be presumed that the evidence in the cause supports the verdict of the jury and the judgment of the trial court overruling defend-

ant's motion for a new trial. Norris v. Richards, 45 Tenn.App. 100, 320 S.W.2d 730; Pennington v. Gen. Motors Corp., 49 Tenn.App. 240, 354 S.W.2d 479; Hughes v. All Weather Insulation Co., 216 Tenn. 722, 394 S.W.2d 638.

Accordingly, the appeal of appellant, defendant below, will be dismissed at its cost.

Matherne and Cooper, JJ., concur.