**Sammy CHAMBERS, Plaintiff-Appellant,**

v.

**Mac HOLLAND, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Feb. 28, 1975.

J. M. Clement, Jr., Dickson, for plaintiff-appellant.

Don R. Binkley, Gracey, Maddin, Cowan & Bird, Nashville, for defendant-appellee.

## OPINION

TODD, Judge.

The plaintiff, Sammy Chambers, has appealed from a jury verdict and judgment dismissing his suit against the defendant,

Mac Holland, for personal injuries sustained in an automobile mishap.

The appellee has moved to dismiss the appeal on three grounds.

First, appellee insists that the appeal bond was not timely filed.

On August 28, 1973, the Trial Judge entered an order overruling plaintiff's motion for a new trial, granting an appeal and allowing 30 days for perfecting the appeal.

On September 26, 1973, the Trial Judge entered an order providing:

"It is hereby ordered, that plaintiff be allowed sixty additional days to file his bill of exceptions and perfect his appeal."

On November 10, 1973, plaintiff filed his appeal bond.

§ 27–312 T.C.A. provides in part as follows:

"27–312. *Time for filing appeal and bond.*—When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the Court of Appeals or Supreme Court, the appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty (30) days from the judgment or decree of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty (30) days, the court may extend the time to give bond or take the oath, but in no case more than thirty (30) days additional."

In *Paris v. Browning*, 55 Tenn.App. 92, 396 S.W.2d 367 (1965) it was held that appellate courts are without authority to permit the filing of a bond after the expiration of the time allowed by the foregoing code section.

In *Wright v. Dorman*, 155 Tenn. 189, 291 S.W. 1064 (1927) and *England v. Young*, 155 Tenn. 506, 296 S.W. 14 (1927) it was held that the statutory time limit is mandatory.

Even though the order of the Trial Judge, supra, undertook to grant an extension of 60 days for perfecting appeal, the order was ineffective to extend the time for appeal more than an additional 30 days. Thus, at most, the plaintiff was allowed for the filing of his appeal bond a total of 60 days from August 28, 1973 which expired prior to the filing of the bond on November 10, 1973. *Chattanooga Coca Cola Co. v. Disbrow*, 60 Tenn.App. 381, 447 S.W.2d 107 (1969).

The motion to dismiss the appeal must therefore be sustained. This, however, is not necessarily determinative of plaintiff's right to appellate review.

In *Chumbley v. Duck River Electric Membership Corp.*, 203 Tenn. 243, 310 S.W.2d 453 (1957), there was no prayer for or order granting appeal, but an appeal bond was in the record. The Supreme Court considered the matter as upon writ of error, citing Gibson's Suits in Chancery, Fifth Edition, § 1344.

In *Ward v. North American Rayon Corp.*, 211 Tenn. 535, 366 S.W.2d 134 (1962) the Supreme Court held that where an appeal or appeal in the nature of writ of error has not been perfected because of failure to file appeal bond in due time, writ of error lies as a matter of right.

In *City of Paris v. Browning*, 55 Tenn. App. 92, 396 S.W.2d 367 (1965) this Court dismissed an appeal for failure to file any appeal bond or pauper's oath, but declined to affirm the judgment of the Trial Court because the time for proceeding by writ of error had not expired.

In *Sanders v. Loyd*, 51 Tenn.App. 49, 364 S.W.2d 369 (1960), this Court found that the appeal bond had not been timely filed, but said:

". . . under [John A.] Chumbley v. Duck River Electric Membership Corp., 203 Tenn. 243, 310 S.W.2d 453, a certified copy of the record being on file in this court and the same containing a proper

pauper's oath it is incumbent on us to treat the case as before us on writ of error. T.C.A. §§ 27–601, 27–306, 27–610." 51 Tenn.App. p. 51, 364 S.W.2d p. 370.

On the basis of the preceding authorities, this cause will be retained and disposed of in this Court as upon writ of error.

Defendant also moves to dismiss the appeal because the bill of exceptions was not timely filed. It was filed on November 21, 1973.

The extension order, supra, allowed an extension of 60 days for filing the bill of exceptions. In this regard, the action of the Trial Judge was within his statutory power, and the time for filing the bill of exceptions was thereby extended to 90 days. If measured from August 28, 1973, this period would include November 21, 1973, the date of filing the bill of exceptions.

Appellee insists that the initial, statutory time for filing bill of exceptions (and for extension of time by the Trial Court) is not computed from the date of the order overruling the motion for a new trial, but rather from the date of final judgment, excluding the time when motion for new trial was pending. § 27–110 and § 27–111 T.C.A. provide in pertinent part as follows:

"*27–110. Certificate as leave to file bill—Authentication—Death or inability of judge or chancellor.*—The certificate of approval of the parties or the certificate of the court stenographer upon said bill of exceptions or wayside bill of exceptions shall be sufficient leave to file same, when filed within thirty (30) days after the order or action which occasioned its filing, or an extension thereof.

.    .    .    .    .

"*27–111. Time for filing bill.*—In all cases tried in the circuit, criminal, county, chancery, or any other court of record, either party may file a bill of exceptions or wayside bill of exceptions either within or after the expiration of the term without any special order of court, provided the bill of exceptions or wayside bill of exceptions is filed within thirty (30) days from the entry of the order or action of the court which occasioned the filing of said bills of exceptions. The judge or chancellor may within the aforesaid thirty (30) day period, either within or after the expiration of the term, extend the time for filing said bills of exceptions for not exceeding an additional sixty (60) days. The maximum period of ninety (90) days shall be computed, in case of a bill of exceptions, from the date of final judgment, and in the case of a wayside bill of exceptions, from the date of the action which occasioned the taking of such wayside bill of exceptions. The period of pendency of any motion or other matter, having the effect of suspending such final judgment or action, shall be excluded in the computation of the period. There shall also be excluded in the computation of the period the thirtieth day and the ninetieth day of such period should such either or both fall upon a Sunday."

In this cause, the judgment was entered on April 23; and the motion for new trial was filed on May 18, twenty-five days later. Therefore, under appellee's insistence, only five of the statutory thirty days remained at the time of the filing of the motion for new trial, and the same five days remained at the time of overruling of the motion for new trial on August 28, 1973. Thus, under appellee's insistence the last day for filing bill of exceptions or obtaining an extension was September 2, 1973; and 60 days thereafter, to November 1, 1973, was the maximum extension which might be granted.

Prior to the 1950 Supplement to the Code the time for filing a bill of exceptions was measured from "the date of the court's action upon said motion (for new trial)." § 8822, Code of 1932. Since the 1950 Sup-

plement, (§ 8820 thereof), the wording has been, "from the entry of the order or action of the court which occasioned the filing of said bills of exceptions" or "from the date of final judgment."

Under the former (pre-1950) law, the time was unquestionably measured from the day of overruling the motion for a new trial. *Chattanooga-Dayton Bus Line v. Burney*, 160 Tenn. 294, 23 S.W.2d 669 (1930).

In *Waller v. Skelton*, 31 Tenn.App. 103, 212 S.W.2d 690 (1948) this Court said:

". . . It also appears that defendants' motion for a new trial was filed November 6, 1946, within 30 days from the entry of the judgment on October 30, and within the trial term. So this motion was seasonably filed.

"Being seasonably filed, this motion suspended the judgment and continued the trial judge's jurisdiction until he could dispose of the motion. He could do this at a special term (Code secs. 9935, 9936), at an adjourned term (secs. 9937, 9945.5, Ch. 7, Acts 1943), or at a subsequent regular term (sec. 159), and could then grant an appeal in error and allow time for perfecting it and for settling a bill of exceptions, *for these purposes the judgment being regarded as entered at the time of overruling of the motion for a new trial.*" (Citing Authorities)

Thus, even under the former (pre-1950) wording of the statute, the order overruling the motion for new trial was regarded as the final judgment.

In *Norris v. Richards*, 45 Tenn.App. 100, 320 S.W.2d 730 (1958) this Court said:

"[3] However, even if we could consider the stipulation and decree, it would still fail to cure the defect, because the order purports to grant an extension of 20 days in which to file and have approved a bill of exceptions, which order, on its face, was entered *more than 30 days after the motions for new trial were overruled in*

*these cases.*" 45 Tenn.App. p. 107, 320 S.W.2d p. 733). (Emphasis supplied)

Thus, after the 1950 change in wording, this Court recognized that the order overruling the motion for new trial was the "order or action of the court which occasioned the filing of said bill of exceptions."

In *Railroad v. Ray*, 124 Tenn. 16, 28, 134 S.W. 858, 860 (1910) the Supreme Court said:

"When a new trial is refused by the trial court, then only can an appeal be prosecuted from the judgment. For such purposes of appeal the judgment, although previously entered, really dates as of the order of the court overruling the motion for new trial." 124 Tenn. p. 28, 134 S.W. p. 860.

To the same effect is *Mitchell v. Porter*, 26 Tenn.App. 498, 511, 173 S.W.2d 443 (1942).

■ The statute is amenable to the construction urged by appellee, but it has not been so construed in any reported opinion that has been found. The above cited authorities would indicate the contrary, that is, that the order overruling the motion for new trial is the final judgment which occasions the filing of a bill of exceptions, and begins the running of the statutory time for filing bill of exceptions.

■ It is deemed more just to follow this latter interpretation than the stricter one advocated by appellee. Therefore it would not be in order to strike the bill of exceptions or to dismiss the appeal upon the ground just stated.

Appellee's motion to dismiss the appeal is respectfully overruled.

Appellant insists that all of the evidence shows the defendant to be guilty of negligence proximately causing the injury of plaintiff and that there is no evidence of contributory negligence on the part of plaintiff.

To a considerable degree, the facts are undisputed.

On August 1, 1971, plaintiff took his pregnant wife and two children to the "Irish Picnic." They returned home about 10 PM and, shortly thereafter, plaintiff left home and went to the "Clover Club." While there, he drank one beer by his own admission (more, from other evidence) and danced with Janette Craft who was present at the club with defendant. When the club closed at midnight, plaintiff left but later, a short distance away, entered defendant's automobile after requesting a ride to the scene of a wreck. Shortly thereafter, defendant's vehicle left the road at a curve and plaintiff was injured.

Plaintiff first insists that there was no evidence of contributory negligence.

The witness, Jan Craft, testified that, when she danced with plaintiff at the Clover Club, plaintiff stated to her that he was "high as a kite," and that "he seemed to me like he had at least two or three beers before I danced with him, and he had one at the table with us before that." The same witness testified that, when the plaintiff later entered defendant's vehicle, he (plaintiff) walked unsteadily, had a can of beer in his hand and was unable to light a cigarette because he couldn't get the match and cigarette together.

The foregoing contradicts the testimony of plaintiff on the same subject. If believed, it furnishes a circumstance of contributory negligence by showing plaintiff to be unable to take proper precautions for his own safety because of his own voluntary conduct. The same testimony, if believed, serves to impeach the testimony of plaintiff generally under the doctrine of "falsus in uno, falsus in omnibus." *Jeffrey Mfg. Co. v. Underwood*, 221 Tenn. 275, 426 S.W.2d 189 (1967), *Buck v. West*, 58 Tenn.App. 539, 434 S.W.2d 616 (1968).

Moreover, plaintiff testified that defendant was traveling at a high rate of speed but that he (plaintiff) made no protest. Plaintiff claimed that he had no time to protest, but the jury was justified in concluding that plaintiff was too busy with his can of beer, cigarette and match to take time to protest.

Plaintiff cites *Harvey v. Wheeler*, 57 Tenn.App. 642, 423 S.W.2d 283 (1967); however, in that case, this Court held that in such a case as this, the question of contributory negligence was for the jury.

Plaintiff cites *Hicks v. Herbert*, 173 Tenn. 1, 113 S.W.2d 1197 (1938); however, in that case, the Supreme Court affirmed a directed verdict for the defendant on the ground that the guest passenger was guilty of contributory negligence as a matter of law for knowingly riding with an intoxicated driver.

Plaintiff cites *Edenton v. McKelvey*, 186 Tenn. 655, 212 S.W.2d 616 (1948); however, in that case, the Supreme Court upheld a jury verdict for the plaintiff on the ground that the contributory negligence of plaintiff was a question of fact for the jury.

In the present case, there was adequate evidence to take the case to the jury on the question of plaintiff's contributory negligence.

Plaintiff also insists that defendant was negligent as a matter of law in driving his vehicle off the paved surface of the road and losing control of same.

Defendant, Mac Holland, testified that he and his girl were on the way to a "creek party" when plaintiff stopped them and asked for a ride; that, as he approached a curve in the road at 40 to 50 miles per hour, his (defendant's) eyes were blinded by lights of another vehicle; that he moved right to avoid the vehicle, got into some gravel and skidded off the road. Accepting this testimony as true, the jury was justified in finding for the defendant.

The jury rendered a general verdict. There is no record of what factual findings were made by the jury.

Where there is a general verdict, it must be presumed that the jury found favorably to the successful party on every issue as to which there was any evidence to support such a finding. *Powers v. L. & N. R. Co.*, 183 Tenn. 526, 194 S.W.2d 241 (1946); *Tennessee Cent. R. Co. v. Umensetter*, 155 Tenn. 235, 291 S.W. 452 (1927), *Little v. N. C. & St. L. Ry. Co.*, 39 Tenn. App. 130, 281 S.W.2d 284 (1954).

Under this rule, this Court must presume a finding of contributory negligence and/or a failure to find negligence on the part of defendant, either of which would have required a verdict for defendant. Thus the verdict of the jury must be affirmed.

This Court does not re-weigh the evidence upon appeal from a jury verdict. If there is any evidence to sustain the verdict, it must be affirmed. There is evidence to sustain the verdict.

The judgment of the Trial Court is affirmed. The defendant-appellant will pay the costs of his appeal.

Affirmed.

SHRIVER and DROWOTA, JJ., concur.