236        SUPREME COURT OF UTAH.        [Nov.

National Copper Bk. v. Davis County Bk. et al., 47 Utah 236.

## NATIONAL COPPER BANK v. DAVIS COUNTY BANK et al.

No. 2774.    Decided Sept. 17, 1915.    Rehearing denied Nov. 30, 1915.
(152 Pac. 1180.)

1. BILLS AND NOTES—ACTION—PARTIES.    While at common law a holder of a bill could not maintain and join an action against the maker and the acceptor, such rule has been modified, so that the holder of a check can maintain an action against the maker and the drawee, although only one is liable.    (Page 237.)

2. BILLS AND NOTES—LIABILITY OF INDORSERS—NOTICE OF DISHONOR. Under Comp. Laws 1907, section 1665x, providing that notice of dishonor to the drawer of a negotiable instrument is not required where he has countermanded payment, an allegation in a suit against the maker of a check sufficiently set out that the payment had been countermanded, where the check was set forth, with the indorsement across the face, "Pyt. stopped." (Page 238.)

Appeal from District Court, Second District.

Action by the National Copper Bank against the Davis County Bank and Frank Steed.

Judgment for plaintiff.    Defendant Steed appeals.

AFFIRMED.

*Stokes & Bagley* for appellant.

*N. A. Robertson* for respondent.

STRAUP, C. J.

In the complaint it is alleged that the defendant Steed, on the 20th of March, 1911, gave and delivered his check for $200, drawn on the defendant Davis County Bank, and payable to the order of Ralph Guthrie, who, on the same day, indorsed it to the plaintiff.    It further is averred "that before the plaintiff cashed said check the defendant Davis County Bank represented to the plaintiff that said check was good, told the plaintiff to cash it, send it through, and the defend-

ant Davis County Bank would cash it''; that relying upon such representations and promises, the plaintiff cashed the check at its face value, and that Guthrie thereupon indorsed the check to it; and that on the next day ''the plaintiff presented said check for payment at the banking house of the defendant Davis County Bank, and that payment thereof was refused and no part of the same has ever been paid.'' ·The check in full is set forth in the complaint. Across the face of it is the indorsement: ''Pyt. stopped.'' The action was brought against both Steed and the Davis County Bank. The bank answered. Steed interposed a demurrer, on grounds of misjoinder of parties and want of facts. The demurrer was overruled. Steed declined to answer, whereupon ·judgment was entered against him alone. He alone appeals.

The point made by him is that he and the Davis County Bank could not properly be joined as defendants. This is based on the claim that a maker and an acceptor of a check or bill could not both be liable, and 1 if both are sued, and only one is liable, the action is defeated as to both. It is argued that the defendant Davis County Bank was not liable, because it is not alleged that it, the drawee, in writing had accepted the check, and that under the statute (Comp. Laws 1907, section 1665x18) an acceptance, to be valid, must be in writing and signed by the drawee; and since no case is stated against the Davis County Bank, the drawee, the action also is defeated as against Steed, the drawer. At common law, a holder of a bill could not maintain and join an action against parties severally liable, and if two persons were sued upon a note, upon which only one was liable, the action was defeated as to both. But that has long been modified, both in this country and in England, so that a holder of a bill now may bring suit against the drawer or maker, acceptor or indorser, any or all, in the same action. 8 Cyc. 92; 2 Daniel, Negotiable Instruments (6th Ed.) 1003.

A further point is made of the failure to allege notice of dishonor to Steed, the drawer, and that such notice was essential to render him liable. Under the statute (section 1665x) notice of dishonor to the drawer is not re-

quired where he "has countermanded payment." It        2
is not alleged as specifically as it might have been that
Steed, the drawer, countermanded payment of the check; but
there are sufficient general allegations in such respect—setting
forth the check with the indorsement across its face "Pyt.
stopped"—to ward off a general demurrer.

The judgment is affirmed, with costs.

FRICK and McCARTY, JJ., concur.