E. WATERHOUSE *v.* STERCHI BROS. FURNITURE Co.

(*Knoxville.* September Term, 1917.)

1. **BILLS AND NOTES. Indorser before delivery. Notice of protest.**
One who indorses a note before delivery is entitled to notice of protest. (*Post, p.* 120.)

Cases cited and approved: Pharr v. Stevens, 124 Tenn., 669; Knott v. Hicks, 21 Tenn., 162; Railroad v. Maxwell, 113 Tenn., 464.

2. **PLEADING. Written instrument. "Profert." Demurrer.**
The mere profert of a note upon which an action is founded does not make it a part of the declaration, when the declaration is tested by demurrer, "profert" being a formula in pleading, whereby the pleader professes to bring into court an instrument to be shown to the court and his adversary. (*Post, pp.* 120, 121.)

Case cited and approved: Insurance Co. v. Thornton, 97 Tenn., 1.

3. **PLEADING. Writings. Profert. Oyer.**
Where declaration contains profert of note sued on, and oyer asked by defendant is granted, the note becomes part of the declaration. (*Post, p.* 121.)

4. **PLEADING. Profert and oyer. Effect.**
If an element essential to the existence of a cause of action be omitted from the declaration containing profert, and oyer be craved, the defect will be cured if the instrument supplies or corrects the omission. (*Post, pp.* 121, 122.)

Cases cited and approved: Edwards v. Weister, 2 A. K. Marsh. (Ky.), 382; Nat. Copper Bank v. Davis, 47 Utah, 236; Citizen's Bank v. Millett, 103 Ky., 1.

5. **JUDGMENT. Motion in arrest. Grounds.**
Where declaration averred that sum "was due by a promissory note here to the court shown, . . . of which note defendant was indorser," and proof showed that the note contained waiver

of protest, notice of dishonor and presentation by indorser, indorser's motion in arrest could not be granted in view of Acts 1911, chapter 32 (Thompson's Shannon's Code, section 4902a1), providing that no judgment shall be set aside for any error in procedure, unless in the opinion of the court, after an examination of the entire record, it shall affirmatively appear that the error affected the result of the trial. (*Post, pp.* 122, 123.)

Acts cited and construed: Acts 1911, ch. 32.

Code cited and construed:   Sec. 4902a1 (T.-S.).

6. **APPEAL AND ERROR.** Presumptions. Judgment.

Where a bill of exceptions incorporating the proof adduced was not preserved, the supreme court must assume that there was sufficient evidence to support the judgment rendered. (*Post, p.* 123.)

---

FROM RHEA.

---

Error to the Circuit Court of Rhea County.— FRANK L. LYNCH, Judge.

GEO. H. WEST, for E. Waterhouse.

RANKIN & FRAZIER, for Sterchi Bros. Furniture Co.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Sterchi Bros. Furniture Company, defendant in error, brought suit against Waterhouse on a note in the sum of $1,287.14. In the declaration it was averred that:

The sum "was due by a promissory note here to to the court shown, made by Dayton Furniture Company to plaintiff, of which note defendant was indorser."

The declaration was demurred to, but the question discussed below was not raised by the demurrer. On the demurrer being overruled, the case was tried before the circuit judge without the intervention of a jury, and he rendered judgment against Waterhouse, who appealed to the court of civil appeals. That court affirmed the judgment.

It appears that the defendant moved in arrest of judgment on the ground:

"The declaration avers that defendant is an indorser of the note sued on, of which the plaintiff is payee, but fails to allege that notice of dishonor was ever given defendant as such indorser, or that defendant had waived said notice."

The contention of the Sterchi Bros. Furniture Company is that the note was indorsed by Waterhouse before delivery, and that, if a bill of exceptions had been preserved by Waterhouse, as there was not, it would have shown the note with an indorsement on the back thereof above Waterhouse's name, as follows:

"Protest, notice of dishonor and presentation is waived."

Such a note appears in the transcript but not identified as a part of the declaration or of any bill of exceptions.

The main assignment of error in this court by Waterhouse is that the motion in arrest should have been sustained.

The indorser of a note thus irregularly indorsed before delivery is entitled to notice of protest. *Pharr* v. *Stevens,* 124 Tenn., 669, 139 S. W., 730.

In *Knott* v. *Hicks,* 2 Humph. (21 Tenn.), 162, where the action was on a promissory note against indorsers, and there was no averment of notice of dishonor having been given to the indorsers, and no averment setting forth a legal excuse for the failure to do so, it was held that the omission in the declaration was subject to a motion in arrest, in that no cause of action whatever was set forth; the omission being one that was not cured by verdict. See, also, *Railroad* v. *Maxwell,* 113 Tenn., 464, 82 S. W., 1137, and cases cited.

We are persuaded that, notwithstanding this rule, the indorser cannot succeed on his motion in arrest. A distinction must be taken between that ruling and the pending case if it be true or if it must be assumed to be true that the note contract with its indorsement was in proof with waiver of demand, protest, and notice on the part of Waterhouse, as indorser.

The suit was based on the note. That instrument was not copied into the declaration so as to set forth the waiver, but profert was made of it, that being a formula in pleading whereby the pleader professes to bring into court an instrument to be

shown to the court and to his adversary. It is true that mere profert of a note does not make the instrument, the foundation of the action, a part of the declaration, when that pleading is tested for sufficiency by a demurrer. *Insurance Co.* v. *Thornton*, 97 Tenn., 1, 15, 40 S. W., 136. The court is confined to the face of the declaration in such test.

But a further rule of pleading is that, when oyer is craved by the defendant and granted by the court, the effect is to make the instrument a part of the record, and the defendant may demur or plead at his option, treating the note as incorporated in the declaration, as though set out *verbatim* therein.

If an element essential to the existence of a cause of action be omitted from the declaration containing profert, and oyer be craved and the instrument be spread upon the record, the defect will be cured if the instrument supplies or corrects the omission. 31 Cyc., 555; *Edwards* v. *Weister*, 2 A. K. Marsh. (Ky.), 382. The omission to aver demand, protest, and notice would be cured in such event when defendant's waiver thereof, in the note itself, was shown.

The rule is thus summarized in 8 C. J., 906:

"Where a waiver of demand or notice of dishonor is expressed in the instrument sued on, no allegation as to presentment or notice is necessary."

And it has been held that, where the check sued on is set forth with an indorsement across its face showing that payment thereon was stopped, it suf-

ficiently appears that payment of the check had been countermanded so as to preclude the necessity of alleging notice of dishonor. *National Copper Bank v. Davis,* 47 Utah, 236, 152 Pac., 1180; *Citizens' Bank v. Millett,* 103 Ky., 1, 44 S. W., 366, 44 L. R. A., 664, 82 Am. St. Rep., 546.

Now the question arises: Is the case to be deflected adversely by reason of the fact that the note is brought into the record by proof rather than by way of oyer granted? What substance can there be to support a divergent ruling? It would seem that, if the note becomes a part of the record by way of sworn testimony, it should not weigh less in plaintiff's favor than when it is imported into a pleading of record by way of a *quasi* fiction.

If, then, the proof had shown the note to contain the waiver, the motion in arrest of judgment could not be sustained for the reason that defendant Waterhouse's liability would not be conditional upon his being given notice of protest, but absolute in that regard. An arrest of judgment in such a case is fairly forbidden by Acts 1911, chapter 32 (Thompson's Shannon's Code, section 4902a1), which provides that no judgment shall be set aside for any errors in procedure, unless in the opinion of the court, after an examination of the entire record, it shall affirmatively appear that the error affected the result of the trial.

Waterhouse, as appellant, did not see fit to preserve a bill of exceptions, incorporating the proof

Waterhouse v. Furniture Co.

adduced.   In that event, under a familiar rule, we must assume that there was sufficient testimony to support the judgment rendered against him by the circuit judge; in other words, that Waterhouse was found to be ·liable notwithstanding there was a failure to present or protest the note and to give notice; and such liability would be consequent upon the asserted waiver in the note when produced in evidence as the basis of the judgment.

On the motion in arrest of judgment we should, under the acts of 1911, and do assume, that the note was produced in evidence containing the waiver. Affirmed.