Town of Cookeville *v.* Farley *et al.*

(*Nashville,* December Term, 1936.)

Opinion filed February 27, 1937.

HOLLADAY & CLARK and FINIS E. HARRIS, all of Cookeville, for plaintiffs in error.

GEORGE B. HAILE, of Cookeville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The original petition was filed to condemn a tract of land containing 1.88 acres alleged to be necessary for street improvement. In paragraph 3 of the petition, a contract with the State Department of Highways was referred to, the substance stated, and it was alleged that the municipality had joined the State in a co-operative plan to change and improve a street and eliminate a grade crossing within the corporate limits.

It was stated in the petition that in furtherance of the improvement the municipality agreed to provide the necessary right of way across several tracts of land, including that of the defendants; and that acquisition of the right of way over defendants' land was necessary to make and improve the street and eliminate a grade

crossing at the Tennessee Central Railroad and provide necessary clearance space between the overpass, street embankments, and the railroad track.

It was stated that the Tennessee Central Railroad Company, in co-operation with the State and municipality, and in order to promote the elimination of the grade crossing, had agreed to relocate its tracks, a relocation being necessary to accomplish the desired improvement, and to bring about the improvement that the municipality had assumed the obligation to provide the necessary rights of way and necessary land upon which to relocate the track.

The defendants demurred to the petition for want of equity on its face and because of petitioner's failure to make profert of the contract with the Highway Department, and because of its failure to exhibit the survey and plat showing the location of the proposed right of way across the lands of defendants. The demurrer was overruled.

A jury of view was impaneled, and upon their report the defendants filed exceptions which broadly denied the right and power of the petitioner to appropriate the land described, for the reason that the use to which the land was to be devoted was not incidental nor necessary for the improvement of any municipal street, and under the circumstances that the taking was contrary to due process of law.

Through the exceptions to the report it was further charged that the procedure adopted by the petitioner is contrary to provisions of the charter and beyond the limited powers conferred by the charter act.

The exceptions were overruled by the trial court, and the cause is here upon *certiorari* to review the action of

the trial judge in overruling the defendants' demurrer and in disallowing the exceptions filed upon coming in of the report of the jury of view.

█ The first assignment of error to the action of the trial court relates to the failure of the petitioner to make profert of the contract with the Department of Highways. As to the requirement of profert, the common law prevails with the statutory amendment extending the requirement of profert to unsealed instruments. *Gardner* v. *Henry*, 45 Tenn. (5 Cold.), 458.

██ In actions or defenses founded upon deeds, notes, bonds, letters testamentary and of administration, profert must be made of the instrument upon which the cause of action or the defense is grounded. But profert is only necessary when the instrument is the foundation of the cause of action or the defense. *Taylor* v. *Railroad Co.*, 79 Tenn. (11 Lea), 186; *Nashville* v. *Insurance Co.*, 61 Tenn. (2 Baxt.), 296.

The obvious purpose of the requirement of profert is to avoid waste of time by a trial that might be ultimately concluded by subsequent exhibition of the withheld instrument. The proceeding by petitioner under statutes of eminent domain is not founded upon the contract with the Highway Department. The contract is merely incidental and collateral. It was introduced by way of inducement or explanation of the fact that it was necessary for the municipality to acquire the property to enable it to co-operate with the State Department of Highways and obtain the benefit of the street improvement with funds supplied by the State. Profert of such an instrument was not necessary. The petitioner was not proceeding to assert a right based upon the contract

but to exercise a power conferred upon municipal corporations by statute.

■ Upon the propositions presented by defendants' exceptions to the report of the jury and their challenge of petitioner's right to condemn the property, it is sufficient to refer to the recent case of *Darwin* v. *Town of Cookeville,* 170 Tenn., 508, 97 S. W. (2d), 838, 841. In that case the petitioner's right to acquire land for street improvement under the same circumstances shown by the petition in this case was sustained. Discussion of the proposition beyond that opinion would be gratuitous.

■ Chapter 706, section 4, subsection 6, Private Acts of 1917, is an amendment to the charter of Cookeville. By chapter 542, Private Acts of 1903, incorporating the Town of Cookeville, under article 4, section 6, power is given to open, extend, and improve streets in the manner prescribed by sections 1388-1391 of the 1858 Code. By section 4, subsection 6, of the amendatory act herein referred to, power is conferred upon the municipality to widen, extend, and establish streets. The second proviso of section 4, subsection 6, of the Act of 1917, authorized the assessment of damages by a jury selected by the corporation commission and others. But that remedy is cumulative. Notwithstanding that provision the corporation may proceed under the general statutes. *Chattanooga* v. *State of Georgia,* 151 Tenn., 691, 698, 272 S. W., 432; *Faulkner* v. *Nashville,* 154 Tenn., 145, 285 S. W., 39.

The petition for *certiorari* and *supersedeas* must be dismissed, because the trial judge did not act illegally in overruling the demurrer and disallowing exceptions upon coming in of the report of the jury of view.