BLEVINS *v.* PEARSON HARDWOOD FLOORING Co.

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

Hodges & Doughty and Strauss & Strauss, all of Knoxville, for plaintiff in error.

Howard H. Baker, of Huntsville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Petitioner in this compensation case suffered an accidental injury in August, 1935, arising out of his employment by the defendant Hardwood Company, which produced a hernia. The Company furnished him a truss which he used for some months, when he was tendered a curative surgical operation, which he refused. He brought his suit for compensation in July, 1936. The case was heard before the trial judge at the July term, 1937, when it was held that the petitioner was physically able to undergo an operation and that his refusal to do so was unreasonable. In the order dismissing the suit it was recited that "recovery should be denied until such

time as petitioner would submit to said surgical operation to have said hernia repaired, and, consequently, the suit should be dismissed.'' This was followed by a formal judgment of dismissal. A motion for a new trial was overruled on July 24, 1937.

On February 10, 1938, the present suit was brought in which the history of the case was set forth in the petition. A demurrer was interposed on the ground that. the present suit was brought more than one year after the occurrence of the injury and was, therefore, barred by the Statute of Limitations of one year applicable to suits for compensation, as provided by Section 6884 of the Code; and because the present suit was not brought within thirty days after an operation had been tendered and refused; and because the petition showed that the only time the petitioner had ever agreed to an operation was subsequent to the entry of the judgment dismissing his suit at the July term, 1937, which was more than one year after the occurrence of the injury.

The trial judge overruled the demurrer, but permitted an appeal to this Court, which was dismissed at the September term, 1938, in an opinion by Mr. Justice Cook, because premature.

Following the remand of the case the defendant Company filed an answer in which it admitted the accidental injury of petitioner and receipt of notice and set up as a defense that it had tendered to petitioner a surgical operation to repair the injury, within thirty days after the date of the injury, in compliance with Section 6875 of the Code, but that petitioner, in disregard of the requirements of this provision of the Code, refused to accept the said treatment; also, that petitioner's right and remedy were barred by the Statute of Limitations of

one year; also, the adjudication in the former action was relied on as a bar to this.

The case was heard by the trial judge on these pleadings on March 4, 1940, when the petitioner testified that, following the entry of the judgment in July, 1937, in the former suit, he was advised by his physician that he might safely have the operation, and that his willingness to do so was communicated by his attorney over the telephone to the defendant. There was other testimony as to his physical condition at that time and at the time when previously he had been tendered the operation.

The trial judge held that the only remedy reserved to the petitioner following the final judgment dismissing his suit on July 8, 1937, was to file within thirty days his petition in the original case tendering himself for an operation; that since the proof showed that he waited until September of that year in which to tender himself for the operation he was too late, and that he had no right to bring this independent suit in February, 1938, his right of action being then barred.

The opinion of the trial judge reviewing the facts holds that the petitioner had changed his position with respect to accepting the tender of an operation and assumed an antagonistic position, first, insisting on the trial of the original case that he was not in condition to undergo an operation and then changing his position, without establishing any real change in his physical condition. The trial judge expressed the opinion that, considering the evidence, while perhaps the hernia could have been cured with an operation when originally tendered, it could not now perhaps be safely undertaken, in view of the long lapse of time, and that not only was the action barred by the Statute of Limitations, but

it would be inequitable and unjust to the employer to permit the matter to be reopened.

 It is provided by Code, Section 6875, Paragraph 3, that, "if the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service which the employer is required to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be due and payable while he continues such refusal." Now "suspended" means held in abeyance, not terminated.

In this connection it will be borne in mind, as heretofore shown, that the judgment of the trial. Court, in disposing of the original suit, expressly provided that "recovery should be denied until such time as petitioner would submit to said surgical operation," etc. It appears that this recital was in harmony with, and an apparent recognition of, the statutory provision just hereinabove quoted, providing for a suspension of the right to compensation.

Upon the theory that the cumulative effect of the judgment recital and the statute was to reserve the right to petitioner to again bring his application for compensation before the Court whenever he felt himself prepared and willing to undergo the operation, and that there was no time limit placed on this right, it is urged that the trial court was in error in holding that his new suit, commenced in February, 1938, following the dismissal of his former suit in July, 1937, was barred.

 We are of opinion that the case thus presented falls within the clause of Section 8572 of the Code which provides that a new action may be brought within one year after an inconclusive judgment of dismissal. That Section covers a case where "the judgment or decree is rendered against the plaintiff upon any ground not con-

cluding his right of action.'' We are satisfied that when the recital in the judgment of dismissal hereinbefore quoted is considered in connection with the provisions of the statute, also hereinabove quoted (Code, Section 6875), that the judgment of July, 1937, should not be construed as one concluding petitioner's right of action for compensation, but merely suspending this right until the conditions prescribed are complied with.

It is urged that the judgment of July, 1937, was a final judgment over which the trial Court lost all control after the expiration of thirty days. This may be conceded, but the right reserved under Section 8572 to commence a new action within one year applies to a judgment which might otherwise be final. We are constrained to the view already indicated, that the right conferred by the general statute, Code, Section 8572, to commence a new action within one year applies in this compensation case, in which relief was not finally denied, but suspended only, under the express provisions of both the statute and the judgment of dismissal of the former suit. In this view, it becomes unnecessary to determine whether or not, as contended by petitioner, the suspension provision of the compensation statute of itself, independently of the general statute permitting the commencement of a new suit within one year, authorizes the bringing of the petition in this case.

The case will be remanded to the Circuit Court for a rehearing upon the merits of the petition, subject to legal defenses, but free from consideration of the question of the bar of the Statute of Limitations, which controlled the former hearing.

Reversed and remanded.