HELEN RUTH MOORE *v.* HOWARD LEE MOORE.

(*Knoxville*, September Term, 1954.)

Opinion filed November 16, 1954.

CRAWFORD BEAN, of Chattanooga, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In response to the petition of Helen Ruth Moore against Howard Lee Moore for a divorce, alimony and custody of

their child, he pled in bar that she had already procured such divorce in the Chancery Court of Hot Spring County, Arkansas, in 1952 and that this decree adjudicated the question of alimony and custody of their child. This plea further asserted that "the defendant herein will produce at the time of the hearing of this plea" these divorce records of the Arkansas Court.

In her petition for divorce in the instant case Helen Ruth Moore alleged that while she and her husband were in Arkansas he

"took her to some attorney's office under the pretense that she was to sign some insurance papers involving a car wreck that the defendant had had and later she was told by the defendant that they were divorce papers, after she had lived with him three or four weeks and went to Florence, Ala., to visit her mother. Complainant says she never signed any petition for divorce nor did she appear in any Court for that purpose."

Mrs. Moore then "craves oyer" of the record referred to in Mr. Moore's plea. This record, properly certified, was thereupon filed. Then Mrs. Moore set down the plea of Mr. Moore for argument.

The case then came on for hearing upon (1) Mr. Moore's plea in bar, (2) Mrs. Moore's motion to set this plea down for argument and (3) the certified transcript of the divorce record referred to in the plea. The decree on that hearing was that "the Court finds all matters to be res adjudicata." Accordingly that decree dismissed Mrs. Moore's petition for divorce and allowed her appeal to this Court.

The error assigned is that the Court erred in dismissing her bill because (1) of the allegation of Mrs. Moore's bill to the effect that her signature to the

divorce papers was "procured by fraud" and (2) because the Arkansas decree "recites collusion which is supported by the purported agreement".

Mr. Moore's defense was grounded upon the alleged divorce record in the Arkansas Court. It was, therefore, necessary for him to make profert of that record. *Town of Cookeville* v. *Farley,* 171 Tenn. 260, 263, 102 S.W.2d 56.

When "the pleader professes to bring into court an instrument to be shown to the court and to his adversary" he thereby makes profert of that instrument. *Waterhouse* v. *Sterchi Bros. Furniture Company,* 139 Tenn. 117, 120-121, 201 S.W. 150, 151. Moore did profess to bring this record into Court by the averment of his plea that he would produce it "at the time of the hearing of this plea".

(4) When Mrs. Moore demanded oyer of this record, and it was then filed, it then became a part of the plea to the same extent as though alleged therein. *Waterhouse* v. *Sterchi Bros. Furniture Company,* supra.

Mrs. Moore did not elect to dispute the truth in fact of the plea by taking issue thereon. Instead, she "set the plea down for argument as to its sufficiency, thus making an issue of law", Gibson, Section 351. Having elected to so proceed, the allegations of Mrs. Moore's bill in the instant case to the effect that her signature to the divorce papers was procured by fraud cannot avail her.

The divorce record to which the Court in the instant case could thus look for the purpose of determining the sufficiency in law of the plea in bar (its allegations of fact having been admitted by setting it down for argument) contains the bill of Mrs. Moore seeking a divorce and stating the ground, the deposition of herself and one other witness in support of these allegations, the

decree of the Chancellor (1) finding the facts to be as alleged, and (2) granting the divorce, (3) awarding the husband the custody of the child, and (4) finding that there are no property rights to be settled. This decree recites that there was a waiver of appearance by the defendant.

The assertion in the assignment of error that the Arkansas decree "recites collusion" is incorrect in fact. No such recitation appears therein. There does appear in the Arkansas divorce decree that an agreement was entered into by the parties with reference to the child, release of property claims, etc. Included in that agreement is the statement that "it is hereby agreed and understood that the wife, Helen Ruth Moore, will immediately institute action in the Chancery Court of Hot Spring County, Arkansas, against her husband, Howard Moore, seeking a final decree of divorce." Mrs. Moore bases her insistence of collusion upon that sentence. Keeping in mind the fact that the only question under consideration is the sufficiency in law of Mr. Moore's plea in bar, the question thus presented by the insistence stated is whether this agreement does, as a matter of law, furnish evidence of collusion.

While we have found no Tennessee decisions with reference to this question, we do find in the text of 17 American Jurisprudence, Section 187, the statement that "collusion is a corrupt agreement between husband and wife looking to the procurement of a divorce", but that

"an agreement relating to a divorce is not necessarily collusive. Whether it is depends upon whether it is an attempt to obtain a divorce not justified by the real facts or whether it is intended thereby to practice a fraud upon the Court."

It is evident that there was no intention to practice a fraud upon the Arkansas Court. The agreement in question was exhibited to that court and made a part of the record. Moreover, the divorce was based upon grounds alleged in the bill, established by evidence contained in depositions submitted to the Arkansas Court for that purpose and filed as a part of the record.

■ Section 743 of 17 American Jurisprudence says that "if the decree was rendered after all the facts bearing on the question had been fully and fairly submitted to the Court, the recitals therein are conclusive". The Arkansas record in this case meets that test.

This subject is likewise discussed in the text of 27 C. J. S., Divorce, Section 64, p. 620. The definitions there given are consistent with that hereinabove quoted with reference to the text of American Jurisprudence.

Counsel for Mrs. Moore quotes copiously from *Hamm* v. *Hamm,* 30 Tenn. App. 122, 204 S. W. (2d) 113, 175 A. L. R. 523. While the question of collusion is discussed at some length in that case, the conclusion reached was on the fact that the foreign Court granting the divorce did not have jurisdiction. In the case at bar the record discloses by Mrs. Moore's testimony that she and her husband were residents of the county wherein the suit was brought. In fact, the petition in the case at bar alleges she was living there at the time of those divorce proceedings.

■ The conclusion which we reach is that an agreement with reference to custody and alimony and which is submitted to the Court does not establish collusion as a matter of law because it contains a statement that the wife will institute suit "seeking a final decree of divorce", when in fact the record, the legal sufficiency of which is being considered, discloses the proceedings here-

inbefore mentioned. The rule of comity thus applies without regard to whether the full faith and credit clause of our Federal Constitution is appropriate.

Being thus in agreement with the Trial Court that Moore's plea in bar establishes res adjudicata of the suit instituted by Mrs. Moore, the result is that her assignments of error will be overruled and the judgment of the Circuit Court affirmed with costs adjudged against her.