JOHNSON E. HUGHES, Plaintiff in Error,

*v.*

ALL WEATHER INSULATION COMPANY, Defendant in Error.

394 S.W.2d 638.

(*Nashville,* December Term, 1964.)

Opinion filed October 8, 1965.

JOSEPH L. LACKEY, Nashville for plaintiff in error.

GEORGE H. ARMISTEAD, JR., THOMAS A. HIGGINS, Nashville, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This case was heard in the Circuit Court of Davidson County and is a suit for workmen's compensation.

Both parties accept the statement of the case as stated in plaintiff in error's Brief. The facts show that on May 13, 1963, the plaintiff struck his leg, injuring his knee, while climbing a ladder in the regular course of his employment. He was placed under the care and treatment of Dr. Joseph G. Burd, who continued to treat him for several weeks. He was thereafter placed under the care and treatment of Dr. G. William Davis, by whom he was continuously treated until February 12, 1964. During all this time, he was totally incapacitated from performing the duties of his employment and was paid compensation at the rate of $36.00 per week. He collected a total of $612.00. After January 16, 1964, the insurer refused to make other compensation payments, basing their refusal on the refusal of the plaintiff in error to undergo surgery recommended by Dr. Davis. On August 7, 1964, plaintiff filed this Petition, seeking an award of compensation.

The case was heard on October 5, 1964. The Trial Court held that plaintiff in error's refusal to accept the recommended surgical treatment and hospitalization was unjustifiable, and found that the plaintiff in error had received all of the benefits to which he was entitled under the Workmen's Compensation Act, except as follows:

"that the medical, surgical and hospitalization benefits to which petitioner would otherwise be entitled shall remain suspended for an additional or extended period of thirty (30) days from this date, during which time petitioner shall elect whether or not he will accept the surgical benefits and hospitalization heretofore offered to him by respondent and recommended by his physician. If petitioner elects to accept these surgical benefits or treatments within said extended period of time, respondents will be liable for the expense of such surgical benefits, hospitalization and treatment; otherwise, the suspension of these benefits shall be made permanent and Petitioner will therefore not be entitled to any further recovery."

The plaintiff in error continued to refuse to accept the recommended surgical and hospital treatment and the Order of the Trial Judge was made final by judgment on November 11, 1964. The plaintiff in error duly excepted and filed a Motion for a New Trial. This Motion was denied and the plaintiff in error excepted and was granted an appeal to the Supreme Court, which has been perfected on the technical record alone. The plaintiff in error assigns as error, the following:

"I.

The Court erred in holding that the petitioner's refusal to accept surgical treatment and hospitalization

for an operation to remove the torn cartilage in his knee joint was unjustifiable, and that he had received all of the benefits under the Workmen's Compensation Law to which he was entitled except medical, surgical and hospitalization expense if he should submit to an operation.

## II.

The Court erred in holding that the petitioner was required under the Workmen's Compensation Act as amended, to submit to the operation which the defendant's physicians recommended, because a surgical operation of the nature requested by the defendant, upon the knee and body of the petitioner was unreasonable, and accompanied by risk to his life, and serious impairment to his leg with resulting disability to his body as a whole.

## III.

The order of the Court dismissing the petition for failure of the petitioner to undergo an operation without provision for compensation allowance for both temporary total and permanent partial disability which would result from the operation was erroneous and contrary to the meaning and intent of the statute.

## IV.

The Court exceeded its authority under the statute by dismissing the petition, because the statute provides that benefits shall be "suspended" rather than denied all together, while the claimant continues his refusal to undergo the operation. Section 50-1004 TCA.''

■■ Assignments of Error I and II will be discussed together, as both are based upon alleged error by the

Trial Court in finding that the plaintiff in error's refusal to submit to the recommended surgical treatment was unjustifiable. The failure of the plaintiff in error to file a Bill of Exceptions limits this Court to a review of the technical record; and one must presume that the evidence justified the findings of the Court below. *Waterhouse v. Sterchi Bros. Furniture Co.* (1917), 139 Tenn. 117, 201 S.W. 150; *Dunn v. State* (1912), 127 Tenn. 267, 154 S.W. 969.

██ The issues raised by these two Assignments of Error necessarily involve questions of fact determined by the Trial Court. The review of such finding of facts in workmen's compensation cases is severely limited by T.C.A. sec. 50-1018, and cases cited thereunder, to those instances where the findings of the Trial Court are supported by no material evidence. There being no Bill of Exceptions preserved and filed in the instant case, there is no basis for this Court to test the findings of the Trial Court under the Material Evidence Rule enunciated by the above-mentioned Code Section. It follows, therefore, that these Assignments of Error must be overruled.

█ Plaintiff in error's Assignments of Error III and IV allege as erroneous the Trial Court's action in dismissing the Petition for compensation. It seems clear that as long as plaintiff in error unjustifiably refuses to accept reasonable medical treatment offered by the employer, his right to compensation is suspended. T.C.A. sec. 50-1004. See also, *Blevins v. Pearson Hardwood Flooring Co.* (1940), 176 Tenn. 606, 144 S.W.2d 781. In this case, the Trial Court has determined, and, as explained above, this Court is bound by such finding, that the plaintiff in error has unjustifiably refused to submit to reasonable medical treatment offered by the employer. Clearly then,

under T.C.A. sec. 50-1004, the plaintiff in error was not entitled to compensation at the time the Trial Court's "Final Order" was entered on November 11, 1964, as his right to the same was suspended and the Trial Court's action in dismissing his Petition was correct.

Affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.