FILED

September 28, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:30 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Wayne Timothy Newell | ) | Docket No. 2015-05-0091 |
| | ) | |
| v. | ) | |
| | ) | State File No. 88987-2014 |
| Metro Carpets, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale Tipps, Judge | ) | |

---

### Affirmed and Remanded – September 28, 2016

---

In this interlocutory appeal, the employee's authorized treating physician declined to offer further treatment for the employee's shoulder and knee conditions. The employer asserted it was no longer responsible for providing medical benefits because the employee misrepresented his pre-existing knee condition to the authorized treating physician and because the employee sabotaged his relationship with the physician. The trial court ordered the employer to add another physician to the original panel or provide a new panel of orthopedic physicians for the employee to select a new treating physician for his compensable shoulder condition. The employer has appealed. We affirm the trial court's determination and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Michael L. Haynie, Nashville, Tennessee, for the employer-appellant, Metro Carpets, LLC

Julie Reasonover, Nashville, Tennessee, for the employee-appellee, Wayne Timothy Newell

1

**Memorandum Opinion[1]**

Wayne Timothy Newell ("Employee"),[2] a resident of Williamson County, Tennessee, suffered a compensable work accident on November 10, 2014 when he fell from the back of a truck. He received authorized treatment for various injuries, including injuries to the left knee, left shoulder, and low back, from Dr. Robert Clendenin and Dr. W. Blake Garside, among others.

During the first several months of treatment, Employee did not inform Dr. Garside of a prior injury to his left knee that had resulted in surgery and permanent medical impairment in 2006. Employee testified during the expedited hearing that his prior left knee injury occurred as part of a North Carolina workers' compensation claim involving multiple injuries and that he did not recall the left knee injury until several months after he began treating with Dr. Garside. In April 2015, soon after undergoing shoulder surgery performed by Dr. Garside, Employee posted a message on social media that was sharply critical of Dr. Garside as a physician.

On December 16, 2015, Dr. Garside executed an affidavit setting out his medical opinions concerning the cause of employee's left shoulder and left knee conditions. While Dr. Garside opined that the left shoulder condition arose primarily out of and in the course and scope of Employee's employment, he concluded that Employee had a previous left knee injury resulting in surgery and residual permanent impairment, and that his pre-existing knee condition did not arise primarily from his November 10, 2014 work injury. He released Employee from his care as of October 13, 2015, with no work restrictions.

On August 3, 2016, Dr. Garside issued a report in which he concluded, "[b]ased on [Employee's] objective findings at his last evaluation of October 13, 2015, and previous discrepancy between patient history and objective medical records, I do not feel an objective doctor/patient relationship is possible, and I am therefore declining to see him for reevaluation." Thereafter, Employee requested an expedited hearing, seeking a new panel of orthopedic physicians for treatment of his left shoulder condition.

Following an expedited hearing, the trial court issued an order requiring Employer to either replace Dr. Garside on the original panel or provide a new panel of orthopedic

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] The record on appeal and documents filed with the Appeals Board identify Employee both as "Timothy Wayne Newell" and "Wayne Timothy Newell." In his testimony at the expedited hearing, Employee testified his full name is "Wayne Timothy Alfred Newell." We refer to him as "Wayne Timothy Newell."

physicians for employee to select a new treating physician for his compensable left shoulder injury. Employer has appealed.

Employer's primary argument on appeal is that "[Employee's] conduct, including his rant on social media, rises to the level of medical noncompliance, which merits termination of his right to medical benefits." Employer offers no legal authority to support its position and we have found none. Instead, Tennessee Code Annotated section 50-6-204(d)(8) provides as follows:

> If the injured employee *refuses to comply with any reasonable request for examination* or *to accept the medical or specialized services that the employer is required to furnish* under this chapter, the injured employee's right to compensation shall be suspended and no compensation shall be due and payable *while the injured employee continues to refuse*.

Tenn. Code Ann. § 50-6-204(d)(8) (2015) (emphasis added). Since at least 1940, the Tennessee Supreme Court has interpreted this provision to mean that in circumstances where an employee is noncompliant with medical treatment, "compensation shall be held in abeyance, not terminated." *Blevins v. Pearson Hardwood Flooring Co.*, 144 S.W.2d 781, 783 (Tenn. 1940); *see also Hughes v. All Weather Insulation Co.*, 394 S.W.2d 638 (Tenn. 1965) (employee's refusal to undergo recommended surgery supported suspension of compensation). Similarly, in circumstances where an authorized physician declines to see an injured worker, such employee can request additional authorized treatment from the employer. *See, e.g.*, *Bruce v. Tecumseh Prods. Co.*, No. 02-S-01-9604-CV-00042, 1997 Tenn. LEXIS 32 (Tenn. Workers' Comp. Panel Jan. 23, 1997) (after release by authorized treating physician, employee was justified in seeking treatment from her personal physician when her employer declined to provide further medical treatment).

In *Rader v. Hurd Lock and Mfg. Co.*, No. 40, 1990 Tenn. LEXIS 427 (Tenn. Nov. 19, 1990), the employee reported a work-related knee injury and received treatment from an authorized physician. *Id.* at *1-2. Thereafter, the employee expressed dissatisfaction with her authorized physician, who then refused to see her. *Id.* at *9. The employer declined the employee's request for a second opinion, so she sought treatment on her own. *Id.* at *9-10. On appeal, the Tennessee Supreme Court concluded that "under the circumstances of this case the plaintiff was entitled to seek other medical services." *Id.*

In the present case, there is no evidence that Employee refused to comply with any reasonable request for examination; nor is there evidence that Employee refused to accept the medical or specialized services Employer was required to furnish. Although Employee admitted he failed to inform Dr. Garside of his pre-existing left knee injury, that failure in no way impacted the compensability of his left shoulder condition for which he currently seeks medical treatment. Under the circumstances, we find no merit in Employer's argument that Employee's strained relationship with Dr. Garside, and/or

3

Dr. Garside's subsequent refusal to evaluate or treat him, justifies a termination of the medical benefits to which Employee is otherwise entitled pursuant to Tennessee Code Annotated section 50-6-204.

Finally, we conclude that Employer's appeal, though not successful, was not frivolous or taken solely for delay. Therefore, we deny Employee's request for attorney's fees in accordance with Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015).

## Conclusion

We conclude that the evidence supports the trial court's determination that Employee is entitled to select a new authorized physician for treatment of his compensable left shoulder condition. We therefore affirm the trial court's order and remand the case for any further proceedings that may be necessary. Employee's request for attorney's fees is denied.

**FILED**

**September 28, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:30 P.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Wayne Timothy Newell | ) Docket No. 2015-05-0091 |
| | ) |
| v. | ) State File No. 88987-2014 |
| | ) |
| Metro Carpets, LLC, et al. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of September, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Julie Reasonover | | | | | X | julie@jstillman.com |
| Michael L. Haynie | | | | | X | mhaynie@manierherod.com |
| Dale Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov